FRANK T. LLOYD, Jr., PLAINTIFF-APPELLANT, v. ABRAM M. VERMEULEN, DIRECTOR OF THE DIVISION OF BUDGET AND ACCOUNTING AND STATE COMPTROLLER, DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 28, 1956—Decided May 31, 1956.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Leon S. Milmed* argued the cause for plaintiff-appellant (*Messrs. Milmed & Rosen,* attorneys).

*Mr. David D. Furman* argued the cause for defendant-respondent (*Mr. Grover C. Richman, Jr.,* Attorney-General).

The opinion of the court was delivered by

CLAPP, S. J. A. D.   This action in lieu of prerogative writ was brought in the Superior Court, Law Division, to compel the defendant to restore plaintiff's name to the payroll of the State as a Judge of the Superior Court.   His name had been removed from the payroll on January 17, 1956.   Summary judgment was granted in defendant's favor below, and plaintiff appeals to this court.

There is no controversy as to the facts.   At the general election held November 4, 1947, the voters of this State adopted a new Constitution, containing a Judicial Article which for most purposes became effective September 15, 1948 (*Art.* 11, *Sec.* 4, *Par.* 14 of that Constitution).

On December 15, 1947, the Governor nominated plaintiff as a Judge of the Circuit Court "for the term prescribed by law," and on the same day the Senate confirmed the nomination. The term prescribed for that office by the applicable statute was seven years (*N. J. S. A.* 2:5–4); however the new Constitution, by abolishing the Circuit Courts as of September 15, 1948 (*Art.* 11, *Sec.* 4, *Par.* 3), necessarily limited the office itself to a period of ten months after the appointment.

Also on December 15, 1947 the Governor nominated a Chief Justice and six Associate Justices of the new Supreme Court (*Art.* 11, *Sec.* 4, *Pars.* 1, 14); and on the same day the Senate confirmed these nominations.

Some attention perhaps should be given to the precise sequence of these matters—that is, of the nominations, the confirmations to office and the issuance of the commissions of the Chief Justice, the six Associate Justices and the plaintiff, respectively. As plaintiff agreed at the oral argument before us, the nominations of the seven Justices and the plaintiff were all submitted to the Senate on December 15, 1947; later the same day, and after the eight nominations had been so submitted, they were confirmed by the Senate; thereafter, and following all these confirmations, commissions were issued to these Justices and the plaintiff (see *Art.* 5, *Sec.* 1, *Par.* 12, fourth sentence, of the Constitution).

In fact two commissions were then issued to the plaintiff, both dated December 15, 1947, one as a Judge of the Circuit Court and the other as a Judge of the Superior Court. According to the terms of the latter instrument, he was commissioned to hold office as a Judge of the Superior Court

"for and during legal time prescribed in *Paragraph* 3, *Section* VI, *Article* VI of the State Constitution adopted November 4, 1947."

It was indicated on the oral argument that under date of December 15, 1947 commissions were issued, not only to the members of the new Supreme Court, but also to all persons holding office on November 4, 1947, whom the Attorney-General concedes to have been constituted Judges of the

Superior Court by *Art.* 11, *Sec.* 4, *Par.* 1, second sentence, of the 1947 *Constitution;* however these commissions, it was said, refer to this paragraph of the Constitution, and not (as in the case of plaintiff's commission) to *Art.* 6, *Sec.* 6, *Par.* 3. We find nothing in the record dealing with the terms of any commissions other than those issued to the plaintiff, and hence will ignore the point.

On June 28, 1948 the Governor nominated the plaintiff as a Judge of the Superior Court "for the term prescribed" by *Art.* 6, *Sec.* 6, *Par.* 3 (again no reference was made to *Art.* 11, *Sec.* 4, *Par.* 1); and on that date the Senate confirmed this nomination for the term thereby prescribed. Thereupon another commission was issued to him as a Superior Court Judge, authorizing him to hold office under *Art.* 6, *Sec.* 6, *Par.* 3.

Under date of September 15, 1948 a third commission was issued to plaintiff as a Superior Court Judge to hold office "for and during legal time." It was said by plaintiff's counsel on the argument that under that date like commissions were issued to all Judges of the Superior Court.

In the above recital of the facts, we have not adverted to the oaths of office taken by the plaintiff as follows: on December 18, 1947 as a Judge of the Circuit Court; and on September 13, 1948 as a Judge of the Superior Court. We find it unnecessary (as will appear herein) to determine whether his failure to take an oath of office as a Circuit Court Judge on December 15, 1947 prevents him from "then being" a Circuit Court Judge within the contemplation of the first sentence of *Art.* 11, *Sec.* 4, *Par.* 1 of the Constitution. *Cf. State v. Goodfellow,* 111 *N. J. L.* 604, 606 (*E. & A.* 1933).

Plaintiff bases his claim to tenure on the following argument. He maintains that his appointment to the Circuit Court on December 15, 1947 brought him within the class described in the first sentence of *Art.* 11, *Sec.* 4, *Par.* 1, as "the persons *then* being the * * * Circuit Court Judges." For he contends that the word "then" has reference to December 15, 1947, since that was the day on which

the Justices of the new Supreme Court were nominated and their nominations confirmed. Furthermore he claims that as a member of the class stated, he was constituted, by operation of the second sentence of that paragraph, a Judge of the Superior Court on the same day.

At this point, plaintiff's argument becomes more involved. He insists that even though he became a Judge of the Superior Court on December 15, 1947, nevertheless he could not continue in that office after September 15, 1948 because *Art.* 11, *Sec.* 4, *Par.* 1, first clause of the third sentence, does not allow him to "hold office"; that in order to continue therein, a reappointment to that court was necessary. This reappointment, made June 28, 1948 as above stated, allegedly gives him tenure under *Art.* 11, *Sec.* 4, *Par.* 1, second clause of the third sentence.

The argument is without any merit. Under the constitutional scheme a Judge of the Superior Court may receive tenure of office either as provided in *Art.* 6, *Sec.* 6, *Par.* 3, first sentence, or as provided in *Art.* 11, *Sec.* 4, *Par.* 1, the last clause of the third sentence. Plaintiff rests his whole claim to tenure (as indeed he must) on the latter paragraph, which reads:

"Subsequent to the adoption of this Constitution the Governor shall nominate and appoint, with the advice and consent of the Senate, a Chief Justice and six Associate Justices of the new Supreme Court from among the persons then being the Chancellor, the Chief Justice and Associate Justices of the old Supreme Court, the Vice Chancellors and Circuit Court Judges. The remaining judicial officers enumerated and such Judges of the Court of Errors and Appeals as have been admitted to the practice of law in this State for at least ten years, and are in office on the adoption of the Constitution, shall constitute the Judges of the Superior Court. *The Justices of the new Supreme Court and the Judges of the Superior Court so designated shall hold office each for the period of his term which remains unexpired at the time the Constitution is adopted; and if reappointed he shall hold office during good behavior.* No Justice of the new Supreme Court or Judge of the Superior Court shall hold his office after attaining the age of seventy years, except, however, that such Justice or Judge may complete the period of his term which remains unexpired at the time the Constitution is adopted." (Italics added.)

The proceedings of the Constitutional Convention in 1947 and of its Committee on the Judiciary, so far as we find, cast little light upon the issue presented. That issue must be resolved by the sense of this paragraph as revealed by the words themselves.

■ Plaintiff's claim is that he is included in the last clause of the third sentence italicized above. But he cannot be said to have been included therein unless he was one of the Superior Court judges referred to in the first clause of the same sentence. The first clause clearly was intended to be applicable only to a Judge of the Superior Court who was holding one of certain enumerated judicial offices under a term "which remains unexpired at the time the Constitution is adopted," namely, on November 4, 1947. Plaintiff did not hold one of these offices under such a term and hence is plainly not within the purview of this clause; that being so, he is not entitled to tenure under the last clause of that sentence.

In other words, it was made one of the conditions to the securing of tenure by a judicial officer under this sentence that he should have been in office on November 4, 1947. Plaintiff does not meet that condition. Where the natural import of a writing coincides with the intention so far as it can be fathomed, the duty of the court is clear.

This disposes of the case. However a somewhat minute examination of the other sentences of this paragraph is profitable; they will be found to fortify the conclusion reached. One of the purposes of the first sentence of that paragraph was to designate those judicial officers who were to compose the class of persons from which the Chief Justice and the Associate Justices were to be chosen. The words "then being," which appear in that sentence, raise the question we must deal with here: at what point of time was that class to close? It seems to us a not unlikely supposition that the class was intended to close before the members of the new Supreme Court were to be nominated (we will not deal with the problem that would have been presented if they were appointed on different days). For we are not

impressed by plaintiff's argument that a person receiving an appointment to the Circuit Court at the very time of the appointment of all the new Justices, was to be regarded as a member of the class from which the Justices were to be chosen. Moreover, looking more closely at the words of the first sentence, it cannot be said that plaintiff was a Circuit Court Judge "then"—that is, at the time the Governor undertook to *"nominate* and appoint" (*Art.* 11, *Sec.* 4, *Par.* 1, first sentence) the members of the new Supreme Court. Besides it would be putting some slight strain on language to say that plaintiff was one of the judicial officers of the class *"remaining"* (*Art.* 11, *Sec.* 4, *Par.* 1, second sentence) after the acts of the Governor and the Senate appointing the new Supreme Court, if he were not a member of that class before those acts were performed.

With these circumstances in mind, we think the words "then being" have reference either to November 4, 1947, as the Attorney-General contends, or to the moment on December 15, 1947 when the Governor submitted to the Senate the nominations to the Supreme Court. In either case plaintiff is not within the purview of the first sentence of the paragraph. In support of the Attorney-General's view, see the references made in the second, third and fourth sentences of the paragraph to the time of the adoption of the Constitution. Note the modifications made in this paragraph by the Convention. 2 *Constitutional Convention of* 1947, 1169, 1172; 4 *Id.* 524, 525, 728, 731; 2 *Id.* 1176, 1179, 1200, 1223, 1230, 1280, 1312.

Since plaintiff is not within the contemplation of the first sentence, we have no difficulty in holding that he was not one of the *"remaining* judicial officers *enumerated,"* to whom reference is made in the second sentence—and hence was not one of the Superior Court Judges "so designated" within the intendment of the first clause of the third sentence of this provision. As we have said above, if he was not within the intendment of this clause, he cannot secure tenure under the last clause of that sentence. This was the view reached above.

We conclude then that *Art.* 11, *Sec.* 4, *Par.* 1 of the *Constitution of* 1947 is in no way applicable to the plaintiff. His right to hold the office of Judge of the Superior Court rested upon *Art.* 6, *Sec.* 6, *Par.* 3 of that Constitution. Indeed the appointment made to him on June 28, 1948 to that court and the commissions issued to him as Judge of the court on December 15, 1948 and June 28, 1948, all by their express terms, rely on the constitutional provision last named.

We conclude also that the commission issued to the plaintiff on December 15, 1947 is without effect; his alleged appointment to the Superior Court on that date was not submitted to and confirmed by the Senate, as required by *Art.* 6, *Sec.* 6, *Par.* 3 of the Constitution. We need not decide whether plaintiff's appointment to the Superior Court commenced on June 28, 1948, the "day of the date" (*Art.* 7, *Sec.* 1, *Par.* 5 of the 1947 *Constitution*) of the commission received by him pursuant to the appointment; or whether it commenced on September 15, 1948. For in either case his term of office expired before January 17, 1956; and not having been reappointed, he has no right to have his name restored to the payroll.

■ Plaintiff argues that constitutional provisions granting judicial tenure during good behavior are remedial in nature and must be liberally construed. Such an argument of course cannot prevail over the clear language of the Constitution.

■ Plaintiff also refers us to various acts of the executive, legislative and judicial branches of the state government—including, notably, official manuals issued by the Department of State on July 1, 1949 and in subsequent years, stating that plaintiff had tenure; and he argues that *if any doubt exists,* the court must sustain the contemporaneous and practical constructions placed upon *Art.* 11, *Sec.* 4, *Par.* 1 of the Constitution with respect to plaintiff's right to tenure. But we have no doubt here.

Affirmed.