40 N.J. Super. 151 (1956)
122 A.2d 388
FRANK T. LLOYD, JR., PLAINTIFF,
v.
ABRAM M. VERMEULEN, DIRECTOR OF THE DIVISION OF BUDGET AND ACCOUNTING AND STATE COMPTROLLER, DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 23, 1956.
Judgment affirmed May 31, 1956.
*153 Messrs. Milmed & Rosen (Mr. Leon S. Milmed appearing), attorneys for plaintiff.
Mr. Grover C. Richman, Jr., Attorney-General of New Jersey (Mr. David D. Furman, Deputy Attorney-General, appearing), attorney for defendant.
Judgment affirmed May 31, 1956. See 40 N.J. Super. 301.
EWART, J.S.C.
Plaintiff by this suit seeks a judgment in the nature of a mandamus to compel defendant to restore plaintiff's name to the judiciary payroll of the State of New Jersey as of January 17, 1956, and to compel defendant to deliver checks or warrants in payment of plaintiff's salary as a judge of the Superior Court, that is to say, the salary that has accrued from the date mentioned.
Without having filed an answer, defendant on notice, supported by affidavits of Edward J. Patten, Secretary of State, and of David D. Furman, Deputy Attorney-General, moves for summary judgment of dismissal. And plaintiff on notice, supported by affidavits of the plaintiff, and of Edward B. McConnell, Administrative Director of the Courts, and also in reliance upon matters made to appear in the deposition of the defendant taken by the plaintiff, makes a counter-motion for summary judgment in favor of the plaintiff.
The facts essential to a determination of this controversy are not in dispute. I find them to be as follows:
At the general election held November 4, 1947, the qualified voters of this State adopted a new constitution known as the Constitution of 1947.
On December 15, 1947, pursuant to the provisions of Article XI, Section IV, paragraph 1, of the new Constitution, *154 the Governor nominated for appointment a chief justice and six associate justices of the Supreme Court under the new Constitution and those appointments were confirmed by the Senate the same day.
Immediately following the action described in the preceding paragraph, and on the same date, the Governor nominated for appointment to the Circuit Court, to succeed Hon. Albert E. Burling, plaintiff Lloyd "for the term prescribed by law," and the appointment was confirmed by the Senate on the same day.
On June 28, 1948 the Governor nominated for appointment as judge of the Superior Court the plaintiff Lloyd "for the term prescribed by Paragraph 3 of Section VI of Article VI of said Constitution" and the appointment was confirmed by the Senate on the same day.
December 15, 1947 a commission over the signatures of the Governor and Secretary of State was issued to plaintiff as judge of the Circuit Court for a term described as "for and during legal time."
December 15, 1947 a commission over the signatures of the Governor and Secretary of State was issued to the plaintiff as judge of the Superior Court for a term described as "for and during legal time prescribed in Paragraph 3, Section VI, Article VI, of the State Constitution adopted November 4, 1947."
June 28, 1948 a commission over the signatures of the Governor and Secretary of State was issued to the plaintiff as judge of the Superior Court for a term described as "for and during legal time prescribed by Paragraph 3, Section VI, Article VI, of the State Constitution adopted November 4, 1947."
September 15, 1948 a commission over the signatures of the Governor and Secretary of State was issued to the plaintiff as judge of the Superior Court for a term described as "for and during legal time."
Oaths of office were taken, subscribed and filed by the plaintiff as follows:
(1) December 18, 1947 as judge of the Circuit Court.
*155 (2) May 17, 1949 the oath of allegiance prescribed by the statute.
(3) September 13, 1948 as judge of the Superior Court.
Plaintiff served actively as judge of the Circuit Court from the date of his commission on December 15, 1947 until September 15, 1948, when the Judicial Article of the new Constitution became effective (Article XI, Section IV, paragraph 14), upon which last named date the circuit court was abolished (Article XI, Section IV, paragraph 3).
Plaintiff served actively and continuously as a judge of the Superior Court from September 15, 1948, when the said Judicial Article became effective, until on or about January 17, 1956, on which latter date plaintiff's name was removed from the judiciary payroll by the defendant on advice of the Attorney-General. During the period last named plaintiff served as assignment judge in the Counties of Camden and Monmouth under assignment by the chief justice.
Since the removal of his name from the payroll, plaintiff has not actually presided over any courts nor attempted to perform judicial acts, but has attended from time to time at the court houses in Camden and Freehold, to which he was assigned by the chief justice as aforesaid, and has held himself in readiness to perform any judicial work that might be assigned to him.
Manuals entitled "Division of Laws and Commissions, State Officers, Judges, Etc.," prepared and issued by the Department of State of New Jersey, reveal that in such manuals issued on January 1, 1949, November 1, 1950, January 2, 1952, January 2, 1953, and December 1, 1955, plaintiff's name is listed as judge of the Superior Court for a term therein described as "tenure."
Plaintiff was paid regularly in semi-monthly installments the salary prescribed by law for a judge of the Superior Court for the entire period from September 15, 1948 until January 15, 1956. Thereafter, under date of January 31, 1956 defendant caused to be issued a check or warrant to the order of plaintiff for the payroll period from January 16 *156 to January 31, 1956, inclusive, in the amount of $66.12, representing a gross sum of $80.64 less withholding tax of $14.52, or a net amount of $66.12, which defendant had computed as the salary to which the plaintiff was entitled for the fraction of the semi-monthly period which the plaintiff had served after January 15, 1956. By letter dated February 9, 1956, plaintiff wrote defendant returning the said check or warrant for $66.12; demanding that his name be reinstated on the judiciary payroll as judge of the Superior Court as of the date of its removal by defendant, and that defendant draw and forward to the plaintiff a check or warrant to the plaintiff's order in payment of his full salary for the period from January 16 to January 31, 1956, inclusive. On February 14, 1956, defendant by letter acknowledged plaintiff's said letter of February 9; informed plaintiff that the Attorney-General had advised the defendant that plaintiff's term as judge of the Superior Court had expired on September 15, 1955; and the defendant, by said letter, expressly refused to comply with the plaintiff's demand to reinstate plaintiff's name on the state payroll as judge of the Superior Court. Excepting for the check or warrant for $66.12 aforesaid, plaintiff has not been paid or tendered any salary as judge of the Superior Court since January 15, 1956.
Edward B. McConnell, Esquire, as Administrative Director of the Courts and as approval officer for the state judiciary, caused the payroll for the judiciary for the period from January 16 to January 31, 1956, both dates inclusive, to be certified by Michael F. Kocan, alternate approval officer for the state judiciary, and to be submitted to the Division of Budget and Accounting, said payroll as certified and submitted containing therein the name of Frank T. Lloyd, Jr. at the salary provided by law for judge of the Superior Court, viz., the sum of $833.33 for the semi-monthly period, less deductions for withholding tax, hospitalization and medical-surgical. And since Mr. McConnell's appointment as Administrative Director of the Courts on January 1, 1953, he has certified or caused to be certified every semi-monthly *157 payroll for the state judiciary prior to the period last mentioned, and every such payroll so submitted and certified by him contained the name of Frank T. Lloyd, Jr. as judge of the Superior Court at the aforesaid salary provided by law.
Defendant Vermeulen, as Deputy and Acting Director of the Division of Budget and Accounting from January 19, 1954 until October 7, 1955, and from and after October 7, 1955 as Director of the Division of Budget and Accounting, examined, audited and approved each of the semi-monthly statements of indebtedness, or payroll of the judiciary, upon each of which semi-monthly statements were included the name of the plaintiff Lloyd as judge of the Superior Court, and during the said period commencing January 19, 1954 and terminating with the payroll period ending January 15, 1956, executed and delivered his warrant checks in settlement of the plaintiff's semi-monthly salary as judge of the Superior Court. Defendant Vermeulen received from the Administrative Director of the Courts certified payrolls for the state judiciary, including the name of plaintiff as judge of the Superior Court during said period of time, and defendant "passed it to payment" in each of the semi-monthly periods above mentioned after having examined, audited and approved the same, including payment of plaintiff's salary as judge of the said court.
In or about the month of October 1954 there was a hearing on the judiciary budget at which the defendant received from the Administrative Director a request for the state judiciary for the fiscal year to end June 30, 1956. That request contained the name of plaintiff Lloyd as judge of the Superior Court at an annual salary of $20,000. Defendant approved this budget request containing plaintiff's name for the whole of the fiscal year to end June 30, 1956. Said budget request was submitted by defendant Vermeulen to the Governor for inclusion in the Governor's budget request for the ensuing fiscal year; the same was approved by the Governor, including full salary for that fiscal year to the plaintiff; the Governor's budget containing that item was submitted to the Legislature on or about February 1, 1955; *158 hearings thereon were then conducted by the Joint Appropriation Committee, of which the defendant Vermeulen served as secretary, and the said budget request containing the name of plaintiff as judge of the Superior Court was approved by the said Joint Appropriation Committee of the Legislature and was subsequently included in the appropriation bill adopted by the Legislature and approved by the Governor. And again for the fiscal year extending from July 1, 1956 to June 30, 1957 defendant Vermeulen received in or about the month of October 1955 from the Administrative Director a request for the state judiciary for the fiscal year to end June 30, 1957. Said request contained the name of the plaintiff as judge of the Superior Court at a salary of $20,000 per annum; the request was approved by the defendant for the whole of the fiscal year to end June 30, 1957 and the same procedure was followed as in the previous year with the budget having been submitted to the Legislature for adoption on or about January 23, 1956.
Thus it will appear that plaintiff was appointed by the Governor and confirmed by the Senate once as judge of the Circuit Court; that he was appointed by the Governor and confirmed by the Senate once as judge of the Superior Court; that four commissions were issued to him, the first on December 15, 1947 as judge of the Circuit Court, the second on December 15, 1947 as judge of the Superior Court, the third on June 28, 1948 as judge of the Superior Court, and the fourth on September 15, 1948 as judge of the Superior Court; and that he took two oaths of office as judge, viz., the first on December 18, 1947 as judge of the Circuit Court and the second on September 13, 1948 as judge of the Superior Court.
So much for the facts deemed essential to a determination of the present controversy.
On the basis of the above recited facts, plaintiff contends that by virtue of Article XI, Section IV, paragraph 1, of the 1947 Constitution he is clearly entitled to tenure of office during good behavior. In support thereof he asserts that under the paragraph, section and article mentioned (and see also paragraph 14 of the same section and article), *159 the Governor on December 15, 1947, with the advice and consent of the Senate, nominated and appointed a chief justice and six associate justices of the new Supreme Court, all of whom were confirmed by the Senate on the same day, and that thereby, the new Supreme Court was constituted and by virtue of the provisions of the same paragraph, section and article the Superior Court was likewise constituted and came into being on that day, being composed of certain judges then in office, of whom the plaintiff was one; that being so constituted a judge of the Superior Court on December 15, 1947, a commission as Judge of the Superior Court was issued to him on that date pursuant to the provisions of Article V, Section I, paragraph 12, of the 1947 Constitution; that his term of office as judge of the Circuit Court commenced on the day of the date of his commission, viz., December 15, 1947 (Article VII, section II, paragraph 10, of the 1844 Constitution) and that likewise his term of office as judge of the Superior Court commenced on the day of the date of his commission, viz., December 15, 1947 (Article VII, Section I, paragraph 5, of the 1947 Constitution); that accordingly, on December 15, 1947 he was both a judge of the old Circuit Court and a judge of the new Superior Court; that as a judge of the old Circuit Court his term of office was for seven years from the date of his commission (former R.S. 2:5-4), but that by the express provisions of Article XI, Section IV, paragraph 3, of the 1947 Constitution, the Circuit Court was abolished as of September 15, 1948 when the new Judicial Article of the Constitution became fully effective; that because he was not in office on the date of adoption of the new Constitution on November 4, 1947, his unexpired term as judge of the Circuit Court did not automatically entitle him to serve out his term as a judge of the Superior Court (Article XI, Section IV, paragraph 1, 1947 Constitution), and therefore it was necessary that he be reappointed as judge of the Superior Court sometime subsequent to December 15, 1947, the date he was originally constituted a judge of the Superior Court, and before September 15, 1948; that in fact such *160 reappointment was made by the Governor on June 28, 1948, was confirmed by the Senate on that same day, and a second commission as judge of the Superior Court was issued to him on the same day; and that having been constituted (or appointed) a judge of the Superior Court on December 15, 1947 and having been reappointed by the Governor as judge of the Superior Court on June 28, 1948, he is entitled to hold office during good behavior because Article XI, Section IV, paragraph 1, of the 1947 Constitution provides:
"* * * and if reappointed he shall hold office during good behavior."
And plaintiff contends that the schedule of the new Constitution (Article XI) was intended to provide for the transition from the old to the new court system; that by virtue of having been constituted a judge of the Superior Court on December 15, 1947 as aforesaid and by virtue of his reappointment on June 28, 1948, he was a judge of the Superior Court from the time that court first came into existence on December 15, 1947 all through the transitional period up to September 15, 1948 when the Judicial Article of the new Constitution came into full operation and effect, after which date he continued to serve as a judge of the Superior Court under his reappointment made June 28, 1948.
Further, plaintiff contends that the constitutional provisions for judicial tenure of office are remedial in nature and are to be liberally construed to accomplish the desired end.
Further, plaintiff contends that if any doubt exists as to his right of tenure, then the contemporaneous and practical construction evidenced by the acts of the Executive, Legislative and Judicial Branches of the State Government, as above recited, must prevail. And further, the plaintiff contends that being entitled to continue in office during good behavior, he is subject to removal only by impeachment as provided in Article VI, Section VI, paragraph 4, of the 1947 Constitution.
*161 And during the course of the oral arguments had on the respective motions of counsel, plaintiff further contended with reference to the language of Article XI, Section IV, paragraph 1, of the 1947 Constitution that the word "then" to be found in the first sentence of that paragraph clearly refers to the date when the Governor appointed the chief justice and six associate justices of the new Supreme Court and not to the date when the Constitution was adopted, and that the phrase "and are in office on the adoption of the Constitution," to be found in the second sentence of said paragraph, modifies and refers to the judges of the Court of Errors and Appeals who had been admitted to the practice of law in this State for at least ten years and not to the remaining judicial officers mentioned earlier in said sentence.
On the other hand, the defendant contends as follows:
That plaintiff was first appointed, confirmed and commissioned a judge of the old Circuit Court on December 15, 1947 for a seven-year term to succeed Albert E. Burling, former Circuit Court judge, who had previously been appointed to office as an associate justice of the old Supreme Court. And plaintiff continued to serve as a judge of the old Circuit Court until September 15, 1948 when that court was abolished by the provisions contained in Article XI, Section IV, paragraph 3, of the 1947 Constitution.
That on June 28, 1948 plaintiff received his second judicial appointment, viz., he was appointed and confirmed a judge of the Superior Court for which a commission was issued to him on September 15, 1948, and that he began service of his initial seven-year term as judge of the Superior Court on September 15, 1948, which term of office expired September 15, 1955 (Article VI, Section VI, paragraph 3, of 1947 Constitution).
That by the 1947 Constitution there are but two methods by which a judge of the Superior Court may acquire tenure of office during good behavior, viz.:
(1) Under Article VI, Section VI, paragraph 3, after having served an initial term of seven years, if he be reappointed, *162 then he shall have tenure of office during good behavior, and
(2) As to those judges in office at the adoption of the new Constitution on November 4, 1947 and who, by virtue of Article XI, Section IV, paragraph 1 of the new Constitution, automatically became judges of the Superior Court entitled to serve out the balance of the term for which they were originally appointed, if reappointed after having served the balance of such term then they would be entitled to tenure of office during good behavior.
Defendant contends plaintiff did not acquire tenure of office under either of the constitutional provisions mentioned; that plaintiff could not acquire tenure under Article VI because he received no reappointment after service of an initial term of seven years; and that he could acquire no tenure under Article XI because he was not in office at the adoption of the new Constitution on November 4, 1947 nor was he serving a term of office which remained unexpired at the time of the adoption of the new Constitution.
Further, defendant contends that the new Constitution manifests a clear intention to create the new Supreme Court and the Superior Court out of experienced judicial personnel, to accomplish which it limited the Governor to a choice from among certain judges then in office at the adoption of the Constitution in appointing the justices to compose the new Supreme Court, and the Superior Court, as originally constituted, was limited to the remaining judicial officers in office at the adoption of the Constitution and who had not been appointed to the new Supreme Court. Defendant contends that clearly the word "then" to be found in the first sentence of Article XI, Section IV, paragraph 1, of the new Constitution refers to the judicial officers in office at the date of the adoption of the Constitution, and that the phrase "and are in office on the adoption of the Constitution" to be found in the second sentence of Article XI, Section IV, paragraph 1, refers not to certain judges of the old Court of Errors and Appeals only, but to the remaining *163 judicial officers and certain judges of the old Court of Errors and Appeals referred to earlier in said second sentence.
And defendant further contends that even assuming the validity of plaintiff's construction of the word "then" and the phrase "and are in office on the adoption of the Constitution" above mentioned, yet the plaintiff's claim to tenure is expressly barred by the provisions of the third sentence of Article XI, Section IV, paragraph 1, which third sentence reads:
"The Justices of the new Supreme Court and the Judges of the Superior Court so designated shall hold office each for the period of his term which remains unexpired at the time the Constitution is adopted; and if reappointed he shall hold office during good behavior."
Defendant asserts that the reappointment spoken of above as vesting tenure is a reappointment succeeding a term of office which commenced prior to the adoption of the new Constitution on November 4, 1947 and which term of office had not expired up to that date.
Defendant does not dispute that the constitutional provisions for judicial tenure are remedial in nature and are to be liberally construed to accomplish the desired end, but defendant does contend that the Constitution very clearly makes no provision for judicial tenure upon first appointment but provides for tenure only after service of an initial term of seven years and a reappointment.
Respecting plaintiff's claim that by a contemporaneous practical construction made by officers of all three branches of the State Government that plaintiff had tenure of office, defendant answers that a Constitution can never be amended by practical contemporaneous construction; that the rule of practical contemporaneous construction, if applied at all to constitutional provisions, as contrasted with statutory construction, is severely limited; and that the doctrine of practical administrative construction of a constitutional provision should be applied, if at all, only in cases where the officer or agency charged with enforcement of such provision *164 is entrusted by the Constitution itself with some measure of discretion. Further, that practical contemporaneous construction in the particular case should never be available to determine that same case in a subsequent judicial proceeding. Furthermore, defendant contends that when Governor Driscoll nominated the plaintiff for appointment as judge of the Superior Court on June 28, 1948 the appointment was "for the term prescribed by paragraph 3 of Section VI of Article VI of said Constitution"; that the commission issued to the plaintiff on June 28, 1948 was for a term described as "for and during legal time prescribed by Article VI, Section VI, paragraph 3, of the State Constitution adopted November 4, 1947"; and that the Governor, by reference to the section of the Constitution mentioned and by issuance of a commission containing the aforesaid reference, not only recognized that plaintiff needed to be appointed a judge of the Superior Court if he were to serve in that court, but also by practical construction indicated that plaintiff was not entitled to serve as a judge of the Superior Court under Article XI, Section IV, paragraph 1, under which section the plaintiff is now claiming tenure.
Defendant denies that plaintiff was unlawfully removed from office as judge of the Superior Court and invites attention to the fact that the only thing the defendant did was to remove plaintiff's name from the payroll upon advice of the Attorney-General who had notified the defendant that the plaintiff's term of office had theretofore expired.
Finally, defendant contends that the plaintiff is seeking relief by a suit in lieu of the former prerogative writ of mandamus, and that to succeed the plaintiff must establish clearly and convincingly his title to the office and his right to the emoluments thereof.
It is clear that there are but two sections of the 1947 Constitution by virtue of which a judge of the Superior Court may acquire tenure entitling him to hold office during good behavior, viz.:
(1) Article VI, Section VI, paragraph 3, under which, after having served an initial term of seven years, a judge *165 upon reappointment to that court acquires tenure of office, and
(5) Article XI, Section IV, paragraph 1, under which, after the Governor had chosen and appointed the justices to serve in the new Supreme Court, the remaining judges of the classes enumerated in that paragraph were to constitute the Superior Court. And such judges constituting the Superior Court were to continue in judicial office as judges of that court for the period of their respective terms which remained unexpired at the date of adoption of the Constitution and then, if reappointed to the Superior Court, would acquire tenure entitling them to hold office during good behavior.
The plaintiff does not claim tenure of office under Article VI, Section VI, paragraph 3, for the reason that he did not receive a reappointment after having served an initial term of seven years. He does claim to be under tenure of office based upon the facts enumerated above and the express provisions of Article XI, Section IV, paragraph 1, of the said Constitution.
There are certain well-settled rules and principles applying to the interpretation or construction of statutory and constitutional provisions, among which are the following:
The court will presume that words, save terms of art, have been employed in their natural and ordinary meaning. In re Act Concerning Alcoholic Beverages, 130 N.J.L. 123, at page 128 (Sup. Ct. 1943).
Courts are enjoined to collect the sense and meaning of the words or clauses in question by comparing one part with another and by considering all parts as a whole and not merely one part as a separate and independent provision bearing no relation to the remainder. The purpose and intent of the people in adopting the Constitution is the real object to be sought. State v. Murzda, 116 N.J.L. 219, at pages 222, 223 (E. & A. 1936); Westervelt's Sons v. Regency, Inc., 3 N.J. 472, 479 (1950); Winberry v. Salisbury, 5 N.J. 240, 244 (1950); Fischer v. Bedminster Twp., *166 5 N.J. 534 (1950). In construing a constitutional provision, the court's function is to ascertain the true sense and meaning of the words used in the light of the provisions in which they appear, and in the light of the correlated provisions, if any, and in the light of the instrument as a whole. State v. Murzda, supra, 116 N.J.L., at pages 222, 223.
True, that where the words or phrases used are of doubtful signification, or the meaning is obscure, contemporary and practical construction applied to the disputed provision by officials having to interpret and apply it is entitled to great weight in construing its meaning. State v. Wrightson, 56 N.J.L. 126, 213 (Sup. Ct. 1893); Kenny v. Hudspeth, 59 N.J.L. 504 (E. & A. 1896); Virtue v. Board of Freeholders of Essex, 67 N.J.L. 139 (Sup. Ct. 1901); In re Hudson County, 106 N.J.L. 62 (E. & A. 1929). However, where the intent of the words and phrases used in a Constitution is clear, there is no room for construction and no excuse for interpolation or addition. United States v. Sprague, 282 U.S. 716, 731, 51 S.Ct. 220, 75 L.Ed. 640 (1931); Fischer v. Bedminster Twp., supra, 5 N.J., at pages 541, 542. When the meaning of the Constitution, interpreted by its letter and in its spirit, is once ascertained, extraneous considerations are of no avail in interpreting it. State v. Wrightson, supra, 56 N.J.L., at page 213.
In the light of the foregoing principles of construction, it seems quite clear to me that unlike judges of the federal courts who acquire tenure on their initial appointment and are entitled to hold their office during good behavior (U.S. Const., Art. III, Sec. I), the new Constitution adopted by the people of this State on November 4, 1947 clearly contemplates and provides in express language, first, in Article VI, Section VI, paragraph 3, that tenure in office is acquired only after service for an initial term of seven years and upon receiving a reappointment, and secondly, under Article XI, Section IV, paragraph 1, the judges in office at the time the new Constitution was adopted were entitled *167 to serve out the balance of the term for which they were originally appointed, either in the Supreme Court or Superior Court, and, if reappointed after having served one full term, then only do they acquire tenure entitling them to hold office during good behavior and without further appointment.
As applied to the plaintiff, it is apparent that he never received a reappointment after having served one full term. The reappointment upon which he relies to give him tenure was the appointment to the Superior Court on June 28, 1948 under which he began serving in the Superior Court on September 15, 1948 after having served but nine months on the bench as a judge of the old Circuit Court. To grant tenure after a service of but nine months would do violence to the plain meaning and spirit of the constitutional provisions respecting tenure.
The plaintiff's theory that not only the Supreme Court but also the Superior Court was constituted the very day the Governor nominated for appointment the chief justice and six associate justices of the new Supreme Court; that he on that date was automatically constituted a judge of the Superior Court; and that his formal appointment and confirmation on June 28, 1948 amounted to a reappointment entitling him to tenure, is reduced to an absurdity if we consider the following example: Suppose, instead of having appointed the chief justice and six associate justices on December 15, 1947, the Governor had postponed that act until, say, September 13, 1948, as he would have had the right to do under the express provisions of Article XI, Section IV, paragraph 1, of the new Constitution; then suppose the Governor had appointed plaintiff a judge of the Superior Court on September 14 (instead of June 28), 1948. Assuming plaintiff's theory that he was automatically constituted a judge of the Superior Court upon appointment of the chief justice and six associate justices on September 13, then, according to his theory, having been a judge of the Superior Court for one day, his appointment on September 14 would have been a reappointment entitling him to tenure *168 after having held title to the office of judge of the Superior Court for but one day. I think a mere statement of that proposition reveals on its face the fallacy of the plaintiff's theory and the absurdity of such a claim.
I am of the opinion that the meaning of the constitutional provisions for judicial tenure are clear, leaving no room for interpretation or construction, that a judge of the Superior Court cannot acquire tenure entitling him to hold office during good behavior except by a reappointment after having first served an initial term of seven years.
There being in this case no genuine issue as to any material facts and it appearing that defendant is entitled to judgment as a matter of law, I am constrained to deny plaintiff's motion and to grant defendant's motion for summary judgment of dismissal.