HOPKINS, J.T.C.
Plaintiff has appealed from the imposition of use taxes, pursuant to the New Jersey Sales and Use Tax Act, on two corporate aircraft owned by it and based in New Jersey. It contends that the aircraft are exempt from the use tax by virtue of N.J.S.A. 54:32B-11(2) and, in any event, the tax violates the Commerce Clause and Equal Protection Clause of the United States Constitution.
Plaintiff is a national banking association created pursuant to 12 U.S.C.A. § 21 et seq., with its principal place of business located at 399 Park Avenue, New York, New York. It is engaged in the business of banking and related financial services. It is authorized and does operate in New Jersey as an executor, testamentary trustee or guardian, pursuant to N.J.S.A. 17:9A-316, when it is named in a decedent’s will or codicil thereto. It was engaged in these fiduciary activities when the planes were purchased.
The first aircraft involved in this matter is a Falcon Dassault Sud (Falcon) which was purchased in Texas on December 31, 1970 for $1,300,000. At the time of purchase it was placed in the care of Executive Airfleet, Inc., which was then located in Long Island, New York. The Falcon was hangared at that location from the time of its purchase until July 1972, when Executive moved its base of operations to Teterboro Airport in Teterboro, New Jersey.
The second aircraft is a Grumman Gulfstream II (Gulfstream) which was purchased from Grumman Aerospace Corp. for $3,204,000 on October 4, 1972. It was hangared at Wilmington, Delaware, until April 14,1973, when it was placed in the care of Executive Airfleet, Inc. and transferred to Executive’s base of operations at Teterboro Airport.
From the time the aircraft were based in New Jersey until all times relevant hereto, they have been used in plaintiff’s interstate and foreign banking business. At no time were the aircraft utilized in plaintiff’s authorized fiduciary activities in New Jersey.
*314 On June 27,1975 plaintiff was assessed the sum of $74,100 for the period July 1972 to September 1972, as a use tax on the Falcon. Subsequently, that assessment was reduced to $26,000, plus interest, in order to reduce the New Jersey use tax by the use tax which the plaintiff had paid to New York. The Falcon was not the subject of a sales or use tax in any other state. On July 27, 1973 plaintiff paid a use tax in the amount of $206,-981.45 relative to the Gulfstream. Its claim for refund of said amount was denied by defendant.
Plaintiff alleges that the aircraft are exempt from taxation by virtue of N.J.S.A. 54:32B-11(2). It further alleges that in the event that it is not exempt under New Jersey law, the imposition of the tax violates both the Commerce Clause and the Equal Protection Clause of the United States Constitution.
The New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq., imposes a sales tax upon the receipts of retail sales of tangible personal property and upon the receipts from every sale of certain enumerated services. N.J.S.A. 54:32B-3(a), (b). During the applicable years it was imposed at the rate of 5% on the sales price or charge for services. N.J.S.A. 54:32B-3. The act also provided for a compensating use tax as follows:
Unless property or services have already been or will be subject to the sales tax under this act, there is hereby imposed on and there shall be paid by every person a use tax for the use within this State of . .. 5% . .. except as otherwise exempted under this act.... [N.J.S.A. 54:32B-6]
A corporation is considered a person within the meaning of the act. N.J.S.A. 54:32B-2(a). The term “use” is defined as:
... The exercise of any right or power over tangible personal property by the purchaser thereof and includes, but is not limited to, the receiving, storage, or any keeping or retention for any length of time, withdrawal from storage, any installation, any affixation to real or personal property, or any consumption of such property. [N.J.S.A. 54:32B-2(h) ]
Because the subject aircraft were based and hangared at Teterboro Airport during the taxable periods under review, they fall within the definition of storage or retention pursuant to the act. Accordingly, the imposition of the use tax is appropriate under the act unless there is an exemption or the application of the tax contravenes plaintiff’s constitutional rights.
The statutory exemption in issue provides as follows:
*315 The following uses of property shall not be subject to the compensating use tax imposed under this act: ... (2) In respect to the use of property purchased by the user while a non-resident of this State, except in the case of tangible personal property which the user, in the performance of a contract, incorporates into real property located in the State. A person while engaged in any manner in carrying on any employment, trade, business or profession, not entirely in interstate or foreign commerce, shall not be deemed a non-resident with respect to the use in this State of property in such employment, trade, business or profession. [N.J.S.A. 54:32B-11(2) ]
It is well settled that “tax exemptions are not favored and that the burden of proving tax exempt status is upon the claimant, since all property in the State is required to bear its equal share of the public taxation burden.” Locustwood Cemetery Ass’n v. Cherry Hill Tp., 133 N.J.Super. 92, 96, 335 A.2d 571 (App.Div.1975). Statutes granting exemption from taxation represent a departure and, consequently, they are most strongly construed against those claiming the exemption. Teaneck Tp. v. Lutheran Bible Institute, 20 N.J. 86, 89, 90, 118 A.2d 809 (1955). The court in the case of In re Kuebler, 106 N.J.Super. 13, 254 A.2d 115 (App.Div.1969), stated that:
... [A] claimed exemption from taxation must find support in clear and unmistakable expressions of the legislative act. On the other hand, strict construction does not mean a construction which begrudges. . . Rather it means an exemption shall not be extended beyond the ascertainable intention of the Legislature and hence an exemption must be denied if the purpose to grant it is doubtful, [at 17, 254 A.2d 115; citations omitted]
Applying the aforesaid principles to the use tax exemption provided by N.J.S.A. 54:32B-11(2), it is concluded that nonresidents are not given a blanket exemption from the use tax. The statutory exemption specifically provides that a person, such as plaintiff, shall not be deemed a nonresident for exemption purposes if it is engaged in any manner in carrying on any employment, trade, business or profession which is not entirely in interstate or foreign commerce. The facts in this case show that as of the dates that the aircraft were purchased, plaintiff was actively engaged in the business of acting as a fiduciary in the State of New Jersey. While the record does not detail the extent of such fiduciary activities, the test provided in the exemption statute is the conduct of business “in any manner.” The definition of the word “any,” as an adjective, contained in Webster’s New Collegiate Dictionary (1979) is:
*316 1: one or some indiscriminately of whatever kind; a: one or another taken at random... b: EVERY — used to indicate one selected without restriction... 2: one, some, or all indiscriminately of whatever quantity: a: one or more— used to indicate an undetermined number or amount. ... [at 51]
Legislature is presumed to use words in their ordinary and natural meaning. Lloyd v. Vermeulen, 40 N.J.Super. 151, 165, 122 A.2d 388 (Law Div.1956), aff’d 40 N.J.Super. 301, 123 A.2d 21 (App.Div.1956), aff’d 22 N.J. 200, 125 A.2d 393 (1956). The use of the word “any” evidences its intent to give the exemption an extremely limited application. Thus, the exemption provided by N.J.S.A. 54:32B-11(2) is only available to a nonresident user of property in New Jersey when such user is not carrying on any type of employment, trade, business or profession, in New Jersey, which is not entirely in interstate or foreign commerce. Plaintiff’s fiduciary activities in New Jersey preclude it from being qualified for the exemption.
The subject facts are distinguishable from those in Diamondhead Corp. v. Taxation Div. Director, 4 N.J.Tax 255 (Tax Ct. 1982) where the taxpayer was not engaged in business in New Jersey at the time the planes were purchased.
Plaintiff further argues that this court must hold plaintiff to be exempt under N.J.S.A. 54:32B-11(2) in order to preserve the constitutionality of N.J.S.A. 54:32B-8.35, as amended by chapter 98 of the Laws of 1980. That amendment exempts aircraft sales, among others, from the Sales and Use Tax. It further specifically provided that the amendment would take effect on January 1, 1979. That date is subsequent to the tax periods under review and it has no application to the subject facts. See discussion in GATX Terminals Corp. v. Taxation Div. Director, 5 N.J.Tax 90, 101-102 (Tax Ct.1982).
Plaintiff next argues that the imposition of the use tax under the subject facts is in violation of the provisions of the Commerce Clause as contained in Article I, § 8, cl. 3 of the United States Constitution. In this respect, use taxes have consistently been upheld by the United States Supreme Court and recognized as not only a means to augment state revenues, but also as a means to eliminate the incentive to purchase from out-of-state *317 merchants in order to escape local taxes and thereby keep local merchants competitive with sellers in other states. As stated in Henneford v. Silas Mason Co., 300 U.S. 577, 57 S.Ct. 524, 81 L.Ed. 814 (1937):
Things acquired or transported in interstate commerce may be subjected to a property tax, nondiscriminatory in its operation, when they have become part of the common mass of property within the state of destination... For like reasons they may be subjected, when once they are at rest, to a nondiscriminatory tax upon use or enjoyment... The privilege of use is only one attribute, among many, of the bundle of privileges that make up property or ownership. ... A state is at liberty, if it pleases, to tax them all collectively, or to separate the faggots and lay the charge distributively.... Calling the tax an excise when it is laid solely upon the use . . . does not make the power to impose it less, for anything the commerce clause has to say of its validity, than calling it a property tax and laying it on ownership. “A nondiscriminatory tax upon local sales ... has never been regarded as imposing a direct burden upon interstate commerce and has no greater or different effect upon that commerce than a general property tax to which all those enjoying the protection of the state may be subjected.” Eastern Air Transport, Inc. v. South Carolina Tax Commission, 285 U.S. 147, 153, 52 S.Ct. 340, 341, 76 L.Ed. 673. A tax upon the privilege of use or storage when the chattel used or stored has ceased to be in transit is now an impost so common that its validity has been withdrawn from the arena of debate .... [300 U.S. at 582-583, 57 S.Ct. at 526-527; citations omitted; emphasis supplied]
A tax on property or upon a taxable event in the state, apart from operation, does not interfere with interstate commerce and “practical continuity” does not always make an act a part of interstate commerce. Southern Pacific Co. v. Gallagher, 306 U.S. 167, 177, 59 S.Ct. 389, 393, 83 L.Ed. 586 (1939). See Hartman, “Sales Taxation in Interstate Commerce,” 9 Vanderbilt L.Rev. 138, 162 (1956).
Applying the above well established principles requires a finding that at those points in time when the aircraft were between interstate flights and were stored at the Teterboro Airport, they became part of the mass of property in New Jersey upon which property rights could be taxed. The storage constituted the necessary nexus between taxpayer and the State.
Defendant relies upon Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), reh. den. 430 U.S. 976, 97 S.Ct. 1669, 52 L.Ed.2d 371 (1977). However, the *318 four tests set out in that ease apply when the tax is directly on interstate commerce. It held that, in such situations, interstate commerce is not immune from tax if the tests are met. The subject facts sustain the use tax when the planes are part of the mass of property in the State during periods when they were not in interstate commerce. At such time they acquired a taxable situs in New Jersey.
In Monmouth Airlines, Inc. v. Taxation Div. Director, 2 N.J.Tax 47 (Tax Ct.1980), the same tax was at issue with respect to aircraft based in New Jersey and which were used in both intrastate and interstate activities. The fact that in the Monmouth case the taxpayer’s home base of operation was located at Monmouth airport where it maintained offices, personnel and aircraft, is not so distinct from the subject situation where plaintiff’s aircraft were placed under the supervision of agents in New Jersey. In both cases the aircraft benefited from the laws and services offered by the State to owners of property located within the State.
Plaintiff places great reliance on the case of W.R. Grace & Co. v. Davison, Ch. Dv. Comptroller of TR., 255 Md. 550, 258 A.2d 740 (Md.Ct.App.1969). The Grace case involved facts similar to those under review in that Grace had two airplanes operating out of a Baltimore airport which were primarily engaged in interstate commerce. The court held that they were not subject to the use tax since the use tax could not be constitutionally imposed upon the privilege of engaging in an aspect of interstate commerce, but may only be imposed if the article to be taxed is employed in a separate local activity. It is to be recognized that the weight given to the use of the word “privilege” was discussed in Complete Auto Transit Inc. v. Brady, supra, which specifically overruled Spector Motor Service v. O’Connor, 340 U.S. 602, 71 S.Ct. 508, 95 L.Ed. 573 (1954). In overruling the Spector case, the court specifically rejected the formal test of whether the tax was on the privilege of engaging in interstate commerce. The Grace case held that the aircraft were not subject to a taxable moment because they were not being withdrawn from interstate commerce when they were at *319 rest in Baltimore between flights. It held that the two airplanes would have to engage in a local activity which could be realistically separated from the use in interstate commerce before they could be deemed withdrawn from that interstate commerce.
With all due respect to that court, I cannot accept that position as representative of the law. Indeed, the case law of various other jurisdictions, where the application of a use tax to airplanes was discussed, shows no difficulty in finding a taxable moment between the point in time when the aircraft were delivered to the taxpayer and that point in time when the taxpayer commenced using the airplanes in interstate commerce. Management Services, Inc. v. Spradling, 547 S.W.2d 466 (Mo. Sup.Ct.1977); In re Woods Corp., 531 P.2d 1381 (Okla.Sup.Ct 1975); Vector Company, Inc. v. Benson, 491 S.W.2d 612 (Tenn. Sup.Ct.1973); Aspen Airways, Inc. v. Heckers, 499 P.2d 636 (Colo.Ct.App.1972); I.T. & T. Corp. v. State Tax Comm., 70 App.Div.2d 700, 416 N.Y.S.2d 387 (App.Div.1979); Sunstrand Corp. v. Dept. of Revenue, 34 Ill.App.3d 694, 339 N.E.2d 351 (Ct.App.1975); Flying Tiger Line v. State Bd. of Equalization, 157 Cal.App.2d 85, 320 P.2d 552 (D.Ct.App.1958). The court in Sunstrand Corp. v. Dept. of Revenue pointed out that several of the principles enunciated in the Grace case were not supported by the authorities cited. 34 Ill.App.3d 697-698, 339 N.E.2d at 354.
Plaintiff next argues that the tax, as imposed, is a violation of its rights under the Fourteenth Amendment to the United States Constitution in that it is denied the equal protection of the laws. In this context the position advanced is that plaintiff was subjected to the tax, whereas others, similarly situated, were not so taxed. It did not introduce any evidence to support that proposition. Rather, it complains that it was not possible to prove that allegation because of this court’s ruling with respect to interrogatories served upon defendant. Plaintiff attempted to elicit from defendant the names and activities of those taxpayers who were either subjected or not subjected to *320 the use tax on aircraft by the State of New Jersey. Plaintiff was not satisfied with the policy statement that a use tax was imposed on all aircraft regularly hangared in New Jersey. Plaintiff’s motion to compel disclosure of the names and activities of other taxpayers was denied by the court as the information was confidential and privileged, pursuant to N.J.S.A. 54:50-8(a). This is essentially the same contention made by the taxpayer in Monmouth Airlines, Inc. v. Taxation Div. Director, supra, which treated the issue in great depth. Accordingly, based on the authority and reasoning set out in the Monmouth Airlines, Inc. opinion, the plaintiff’s position is without merit.
Defendant will submit a form of judgment, consistent with this opinion, pursuant to R. 4:42-1.