IRVING INDUSTRIAL CORPORATION, Respondent, v. THE LUHAR CORPORATION and Others, Defendants. MORRIS BERCOVITZ, Appellant.— Order granting motion to compel appellant to pay plaintiff $425 reversed upon the law, with $10 costs and disbursements, and application remitted to the Special Term to take proof upon the question whether appellant was a bidder upon the sale. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

In the Matter of the Application of LEONARD BRONNER, Appellant, against WILLIAM E. WALSH, HENRY L. CONNELL, JAMES P. HOLLAND, JOHN GUILFOYLE and JOHN KENLON, Constituting the Board of Standards and Appeals of the City of New York, Respondents, and HIMROSE REALTY CORPORATION, Intervenor, Respondent.— Order confirming decision of board of standards and appeals and dismissing certiorari order unanimously affirmed, with one bill of costs, to be divided between the defendants, respondents, and the intervenor, respondent. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of ELLIOTT L. BROWN, as Executor, etc., of J. ROMAINE BROWN, Deceased. ELLIOTT L. BROWN, Individually and as Executor and Trustee, Appellant; DAVID S. MURDEN, Special Guardian, and CENTRAL UNION TRUST COMPANY OF NEW YORK, as Trustee, Respondents.— Decree of the Surrogate's Court of Westchester county modified by striking therefrom paragraphs marked " ninth " and " tenth," and by substituting in place thereof a provision that the " ninth " objection of the special guardian, and the " third " and " fourth " objections of the Central Union Trust Company of New York, as trustee, are disallowed. This court is of the opinion that the admissions of the testator that he had given the bank stock to his son, coupled with the surrounding circumstances, sufficiently evidenced a delivery of the subject of the gift. (*Matter of Wiemann*, 220 App. Div. 276.) As so modified the decree is affirmed, with taxable costs to all parties, payable out of the estate. Rich, Seeger and Scudder, JJ., concur; Scudder, J., also votes to modify the " eighth " paragraph of the decree in so far as it sustains the " eighth " objection of the special guardian and that part of the " second " objection of the Central Union Trust Company of New York which refers to the check for $17,000, and to disallow said objections. Lazansky, P. J., and Young, J., dissent, being of opinion that as to the matters referred to in the " ninth " and " tenth " paragraphs of the decree there was not a valid gift. Settle order on notice.

In the Matter of the Application of ALEXANDRA DIODATI GARDINER, an Infant over the Age of Fourteen Years, for a Decree Directing the BANK OF NEW YORK AND TRUST COMPANY, etc., as Guardian of the Property of ALEXANDRA DIODATI GARDINER, to Judicially Settle Its Accounts, and for the Revocation of Letters of Guardianship, etc. In the Matter of the Judicial Settlement of the Account of Proceedings of BANK OF NEW YORK AND TRUST COMPANY, etc., as Guardian of the Estate of ALEXANDRA DIODATI GARDINER, etc. ALEXANDRA DIODATI GARDINER and NORA LOFTUS GARDINER, Appellants; BANK OF NEW YORK AND TRUST COMPANY, Respondent.— Decree of the Surrogate's Court of Suffolk county, in so far as appealed from, unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.