In the Matter of HERBERT L. REDMAN, Petitioner, against CARROLL E. MEALEY et al., Constituting the State Tax Commission, Respondents.

Third Department, November 14, 1945.

*Illch & Poskanzer,* attorneys for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, First Assistant Attorney-General* and *John C. Crary, Jr., Assistant Attorney-General* of counsel), for respondents.

BREWSTER, J.   Petitioner, vice-president, director and general manager of a large mercantile concern, claimed, as " Business expenses paid out of compensation and not reimbursed," income tax deductions during the years in question which approximated about 20% of his salaried earnings.   In his returns in question he stated the general nature and purpose of these expenses.   He apportioned a minor part of them to " Automobile expense for business travel," which he stated to be one half of his total automobile expense.   There was no other break down or itemization.   As a result of respondents' field audit the deductions claimed were reduced to between 16% and 19% of his earnings for the respective years, the average for the three years aggregate being reduced to seventeen plus percent.   Additional assessments were made accordingly.

Petitioner also claimed, for the years in question, further deductions for rental losses, mortgage interest, and taxes on certain real estate the title to which was owned by a corporation which he had formed for the frankly-avowed purpose of an avoidance of his personal liability upon its mortgaged indebtedness.   Other than as to the receipt and transfer of titles the corporation did not function or operate in any corporate manner, the remainder of its transactions having been conducted by petitioner in the manner of an individual owner.   These deductions the respondents disallowed and made corresponding assessments.

Petitioner was afforded a hearing upon his application for a revision and readjustment of his increased assessments and his proofs were received.   In that situation the burden of proof was upon him to demonstrate the error of which he complained, and also in that connection, it has been said, its " exact amount."   (*People ex rel. Kohlman & Co.* v. *Law,* 239 N. Y. 346, 350.)   Having failed in his returns to itemize the expenses

he personally incurred and for which he claimed deductions as "Business expenses," giving them only a general description at lump sum amounts, he had the burden of showing the error in the field audit revision. Even though the latter may have been based on estimate this did not dispense with nor much lighten his burden (*Cohan* v. *Commissioner of Internal Revenue,* 39 F. 2d 540, 543, 544) for petitioner was the one positioned with the facts. The petitioner did not testify nor submit any proof in detail of his expenditures. Instead one of his attorneys who handled his personal affairs, gave evidence only of the premise which justified the claim of a large deduction for business expenses. He was unable to furnish and did not attempt to make any proof pointed to any definiteness of the error alleged. In our power of review as given by statute (Tax Law, § 199) we may not say on the record before us that the determination made has been clearly shown to be erroneous. Without such showing we may not disturb it. (*People ex rel. Hull* v. *Graves,* 289 N. Y. 173, 177; *People ex rel. Maloney* v. *Graves,* 289 N. Y. 178; *Matter of Calder* v. *Graves,* 261 App. Div. 90.)

The remaining question under review seems novel in our State. However, that no rule appears to have been established which gives free sanction to the avoidance of corporate existence solely because those who are in ownership and control choose to disregard it, is of some significance. (*Matter of Brown,* 130 Misc. 865, 876, 225 App. Div. 759, mod. 252 N. Y. 366.) We think it may be held that generally it may not be so disregarded solely for such reason when the revenues of the State are to be affected thereby. Otherwise would be to invite undue confusion and uncertainty, and corporate existence and ownership of property would be made an instrument for the evasion of just taxation. Petitioner formed his corporation for a definite and permissible purpose which worked to his own advantage, viz.: the avoidance of certain possible personal liabilities. Thereafter the conduct of its affairs which was in the main treated by him as an individual proprietor, was, it appears, occasioned in order to serve his own convenience and as well perhaps the saving of expenses. But the eye of the law could not because of that fail to overlook the fact of the corporate entity and its lawful title to the real estate. (*Brock* v. *Poor,* 216 N. Y. 387.) Had the operation of its properties been profitable, petitioner could, it seems, have successfully resisted a treatment of its income as his in the absence of proof that his sole aim in forming his corporate creature was to evade taxation. Thus a reason for the avoid-

ance of the corporate existence such as that it was designed as an "intervening elaboration" at odds with reality and productive of fraud upon third parties, is not here present. Having created and chosen the corporate existence for his own advantage, and it having actually functioned in some things, petitioner must yield to the tax burden which became incident to and was consistent with the reality of his accomplished design. (*Moline Properties* v. *Comm'r*, 319 U. S. 436.)

In his argument for the disregard of the corporate entity, petitioner places heavy reliance upon *Watson* v. *Commissioner of Internal Revenue* (42 B. T. A. 52, affd. 124 F. 2d 437). It is noted, however, that the affirmance in the United States Circuit Court of Appeals was only as to the portion of the decision appealed from which held that the existence of certain corporations could not be denied, and that the issue as to two others, the disregard of which was sustained by the Board of Tax Appeals, was not appealed. It is noted further that the Circuit Court's opinion indicated a basis on which corporate entity is sometimes ignored in Federal income tax cases by citing the rule laid down in *Higgins* v. *Smith* (308 U. S. 473, 477), as to when the government may choose to sustain or disregard the corporate entity as best serves the taxing statute. Petitioner's contentions reduce to this: (1) that the corporate existence and ownership of the properties was not mere form but real and genuine; (2) that the business of the corporation consisting of the operation of what it owned was, as regards the corporation, fictional and unreal in that actually such was his own individual and private affair. The premises thus advanced appear inconsistent. For, to maintain the latter perforce he must logically concede the falsity of the former. Such being the case the governmental choice above referred to would seem to be permissible, for then the "form employed for doing business or carrying out the challenged tax event" would be "unreal or a sham." (*Higgins* v. *Smith, supra,* 477.)

The determination should be confirmed, with costs.

All concur.

Determination confirmed, with costs.