WENDI LEE LYON, PLAINTIFF-APPELLANT, v. LEO J. BARRETT, DEFENDANT-RESPONDENT.

Argued December 1, 1981—Decided May 18, 1982.

296

*Alfred E. LaBrecque, Jr.* argued the cause for appellant.

*A. Joseph Guarino* argued the cause for respondent (*Lewis, Siegel & Wood*, attorneys).

The opinion of the Court was delivered by

**POLLOCK, J.**

Plaintiff Wendi Lee Lyon, a legal secretary, fell and sustained injuries while employed by Leo J. Barrett, P.A., a professional law corporation owned by defendant, Leo J. Barrett. The injury occurred in a building owned by Barrett individually and rented by him to his corporation and other tenants. Lyon received workers' compensation benefits from Leo J. Barrett, P.A. Thereafter, she instituted a third party negligence action pursuant to *N.J.S.A.* 34:15–40 against Barrett individually as landlord of the building. The issue is whether an employee who has recovered a workers' compensation award against a corporate employer may maintain such a negligence action for the same injuries against the individual who is the sole shareholder of the corporation.

The trial court granted Barrett's motion for summary judgment on the ground that Lyon's election to receive workers' compensation benefits barred her negligence action. The Appellate Division affirmed. We granted certification, 87 *N.J.* 417 (1981) (erroneously reported as "certification denied"), and we now reverse and remand the matter for trial.

## I

On March 31, 1978, in the regular course of her employment, Lyon was injured in a fall while descending a stairway to a common basement storage area. She filed a workers' compensation claim against the corporation and received an award for temporary and permanent disability. Lyon then instituted a civil action against Barrett alleging that he negligently maintained his building. He denied negligence and asserted that Lyon could not recover damages from him because she had elected to receive workers' compensation benefits from his corporation. He argued that under *N.J.S.A.* 34:15–8 this election barred any further remedy against him and that he and the corporation should be considered as a "unitary employer-entity." He claimed that, as part of such an entity, he was not a "third

person" outside the employer-employee relationship against whom suit could be brought. *See N.J.S.A.* 34:15–40 (preserving the right of an injured worker to bring suit against any "third person ... liable to the employee or his dependents for an injury or death" and providing that the employee's right to compensation benefits from the employer "shall not operate as a bar to the action").

In granting Barrett's motion for summary judgment, the trial court concluded that there was no difference between Barrett as an individual and Leo J. Barrett, P.A. Therefore, the court held that the statutory immunity from suit provided to the corporation should extend also to Barrett. In an unreported *per curiam* decision, the Appellate Division affirmed.

Both lower courts relied on *Seltzer v. Isaacson,* 147 *N.J.Super.* 308 (App.Div.1977), in which a dental assistant, after recovering a workers' compensation judgment against her employer, a one-man corporation, sued the dentist for assault and battery. The Appellate Division affirmed dismissal of her suit because it perceived the dentist and his corporation as comprising a "unitary employer-entity" against which the "employee should be limited to one recovery." *Id.* at 314.

In the present case, the Appellate Division declined to adopt the "dual capacity" doctrine, under which an employer may be independently liable for damages in tort as well as workers' compensation benefits. The doctrine permits double liability when the employer is sued for breach of a duty arising out of a separate relationship to the employee. For example, dual capacity liability may exist when an employer who is a physician commits malpractice while rendering treatment to an employee injured on the job or when the employer is a landowner who, by maintaining the work place in an unsafe condition, contributes to the happening of the accident. The thrust of the doctrine is to deny the shield of the immunity provisions of the workers' compensation statute to the landowner or treating physician who also happens to be the employer. Kelly, "Workmen's

Compensation and Employer Suability: The Dual Capacity Doctrine," 5 *St. Mary's L. J.* 818 (1974). Other jurisdictions have divided on whether to impose liability on an employer for omissions or acts committed in an alternate capacity. *Compare Marcus v. Green*, 13 *Ill.App.*3d 699, 300 *N.E.*2d 512 (1973) (imposing dual liability on an employer-landowner) *with Billy v. Consolidated Machine Tool Corp.*, 51 *N.Y.*2d 152, 159, 432 *N.Y.S.*2d 879, 883, 412 *N.E.*2d 934, 939 (1980) (rejecting argument that employer-landowner should be treated "as a dual legal personality, 'a sort of Dr. Jekyl and Mr. Hyde' "), *and Delamotte v. Unit Cast Division of Midland Ross*, 64 *Ohio App.*2d 159, 411 *N.E.*2d 814 (1978) (imposing dual liability on employer-treating physician) *with Trotter v. Litton Systems*, 370 *So.*2d 244 (Miss.1979) (holding that a physician-employer cannot be liable for more than one recovery under any circumstances). Because of our conclusion that Barrett and his corporation are two separate entities, we need not decide the validity of the dual capacity doctrine in this case.

## II

Our analysis begins with the basic premise that a corporation is an entity separate from its stockholders. In the absence of fraud or injustice, courts generally will not pierce the corporate veil to impose liability on the corporate principals. *Frank v. Frank's, Inc.*, 9 *N.J.* 218, 224 (1952); *see, e.g., Kugler v. Koscot Interplanetary, Inc.*, 120 *N.J.Super.* 216, 253–54 (Ch.Div. 1972); *Yacker v. Weiner*, 109 *N.J.Super.* 351, 356 (Ch.Div.1970), *aff'd o.b.*, 114 *N.J.Super.* 526 (App.Div.1971).

Conversely, one who accepts the benefits of incorporation must also accept the burdens that flow from the use of a corporate structure. *General Public Loan Corp. v. Director, Div. of Taxation*, 13 *N.J.* 393, 400–01 (1953) (subsidiary small loan company that borrowed from parent corporation is a separate corporation and must include loan in its net worth under financial business tax); *Somerset Apts. v. Director, Div. of Taxation*,

134 *N.J.Super.* 550, 555 (App.Div.1975) (apartment complex includable in net worth of corporation for tax purposes although it held legal title only as a nominee for others); *Redman v. Mealey*, 270 *App.Div.* 75, 77, 58 *N.Y.S.2d* 735, 738 (1945) (an individual may not deduct corporate expenses from his individual income in calculating individual income tax liability). The corporate form will be recognized although that recognition results in the imposition of governmental regulation not imposed on other entities. *Schenley Dist. Corp. v. United States*, 326 *U.S.* 432, 437, 66 *S.Ct.* 247, 249, 90 *L.Ed.* 181 (1946) (parent firm could not disregard subsidiary as separate entity to avoid need for transportation permit); *Marshall v. Coastal Growers Ass'n*, 598 *F.2d* 521, 524–25 (9th Cir. 1979) (farm cooperatives may not disavow corporate form to circumvent migrant labor regulations). Similarly, the corporate form may not be ignored merely because a stockholder could obtain a personal benefit from another form. *Jackson v. Hooper*, 76 *N.J.Eq.* 592, 598–99 (E. & A. 1910) (in suit between partners who were only stockholders of corporation, no injunction should issue regulating internal affairs of corporation which was not party to suit); *Crabtree Investments, Inc. v. Aztec Enterprises, Inc.*, 479 *F.Supp.* 448, 451–52 (M.D.La.1979) (sole shareholder and his corporation not a single entity for purpose of maintaining action under federal securities laws). An exception exists, however, for condemnation proceedings. Because of the desire to assure fair compensation in eminent domain cases, a court may consider the unity of interests of lots owned separately by a corporation and its shareholders. *Housing Auth. of Newark v. Norfolk Realty Co.*, 71 *N.J.* 314, 324 (1976); *contra, Bd. of Transp. v. Martin*, 296 *N.C.* 20, 28, 249 *S.E.2d* 390, 396 (1978); *Sams v. Redevel. Auth.*, 431 Pa. 240, 243, 244 *A.2d* 779, 781 (1968); *Jonas v. State*, 19 *Wis.2d* 638, 642–44, 121 *N.W.2d* 235, 238–39 (1963).

Although we have not previously considered the issue, other New Jersey courts have refused to permit corporations to avoid their obligations to injured workers by disavowing their corporate form. For example, in *Henk v. Eastern Air Taxi, Inc.*, 91

*N.J.Super.* 317 (App.Div.), certif. denied, 48 *N.J.* 110 (1966), an individual who was the majority shareholder, manager and president of a small corporation was held to be an employee entitled to recover workers' compensation benefits from his corporate employer. The Appellate Division ruled that "absent some showing that the corporate entity has been used to accomplish an unjust, wrongful or fraudulent purpose, workmen's compensation benefits will not be denied" even to the owner of a one-man corporation. *Id.* at 319.

In addition, related corporations may not extend from one to another the immunity accorded by the workers' compensation laws. *Mingin v. Continental Can Co.*, 171 *N.J.Super.* 148 (Law Div.1979). In *Mingin*, the plaintiff was injured in the course of his employment by one subsidiary while operating a machine owned by another subsidiary of the parent corporation. He received workers' compensation benefits from his employer and then sued the other subsidiary and parent corporation. The parent corporation claimed that the conglomerate should be considered as one entity which, as plaintiff's employer, would be immune from any claim except workers' compensation benefits. The Law Division, however, denied defendant's motion for summary judgment and concluded that the "corporate form may not be disregarded except in the case of actual fraud". *Id.* at 152.

Similarly, other jurisdictions have restricted the immunity accorded by the workers' compensation laws to the entity that is the immediate employer of the injured worker. *Boggs v. Blue Diamond Coal Co.*, 590 *F.*2d 655 (6 Cir.), *cert.* denied, 444 *U.S.* 836, 100 *S.Ct.* 71, 62 *L.Ed.*2d 47 (1979), involved a wrongful death action against a parent corporation by widows of coal miners who were killed in an explosion in a mine owned by a subsidiary corporation. The widows alleged that the parent corporation had committed acts of negligence apart from those of the subsidiary, but the parent claimed that the immunity of the subsidiary arising under the workers' compensation laws should extend to it. The court rejected the argument and ruled

that it would recognize the separate identity of the parent corporation. *Accord, Index Drilling Co. v. Williams,* 242 *Miss.* 775, 137 *So.*2d 525, 528 (1962) (employee not barred from instituting personal injury action against separate corporation with same owners as corporate employer and business activities were related); *Wilkerson v. Gulfstream Land & Devel. Co.,* 402 *So.*2d 550, 551 (Fla.App.1981) (summary judgment for parent corporation reversed where employee recovered workers' compensation benefits from subsidiary and sued parent for negligence as landowner); *Samaras v. GATX Leasing Corp.,* 75 *App.Div.*2d 890, 891, 428 *N.Y.S.*2d 48, 49 (1980) (parent corporation not immune from suit in strict liability although subsidiary liable to employee under workers' compensation law). *See also Billy v. Consolidated Machine Tool Corp.,* 51 *N.Y.*2d 152, 160, 432 *N.Y.S.* 2d 879, 884, 412 *N.E.*2d 934, 940 (1980) (where employee killed in industrial accident, widow could recover workers' compensation death benefits and also maintain wrongful death action for negligent design and manufacture of machine against company subsequently merged into corporate employer).

By contrast, an employee of a partnership may not maintain a tort action against the partnership for injuries covered by workers' compensation laws. *Mazzuchelli v. Silverberg,* 29 *N.J.* 15, 21–23 (1959). Partners are not entities separate from the partnership, but are personally liable for partnership obligations, including the obligation to pay workers' compensation benefits. *Id.* at 21. The partner and the partnership are one, and as long as the employer and the tort-feasor are identical, the injured employee is limited to an action under the workers' compensation laws. Likewise, an injured corporate employee who has recovered benefits under the workers' compensation laws may not maintain a separate negligence action against a division of the same corporation. *Taylor v. Pfaudler Sybron Corp.,* 150 *N.J.Super.* 48 (App.Div.), certif. denied, 75 *N.J.* 20 (1977). The mere use of divisions or departments by a corporation does not justify judicial circumvention of the immu-

nity accorded employers in the workers' compensation laws. *Id.* at 51.

Similarly, a domestic employee who sustained injuries in the course of her work could not maintain a tort action against the wife. *Freppon v. Hittner,* 91 *N.J.Super.* 9, 12 (App.Div.), certif. denied, 47 *N.J.* 565 (1966). Underlying the *Freppon* decision was recognition that both husband and wife are liable as employers for the injuries and both should enjoy the immunity of the workers' compensation laws.

The holding of the Appellate Division in *Seltzer v. Isaacson, supra,* however, is inconsistent with our holding in the present matter. A professional corporation and its sole owner are separate entities and the immunity of the workers' compensation laws that shields the corporation from tort liability to employees does not extend to the owner of the corporation. Absent fraud or the like, corporate independence should not insulate a principal from liability to an injured corporate employee where the principal would otherwise be liable for the injuries. Piercing the corporate veil, a doctrine created to defeat fraud and injustice, should not be misapplied to defeat the benevolence of the workers' compensation laws. In general, the veil that protects a corporate principal from liability for business debts of the corporation, including the obligation to provide workers' compensation benefits, also precludes that principal from claiming the immunity of the corporation from liability in negligence to an injured employee. Incorporation carries benefits as well as burdens; one cannot claim the benefits without the burdens. Consequently, we overrule the holding of the Appellate Division in *Seltzer v. Isaacson, supra.*

### III

In this case, Lyon's employer was the corporation, Leo J. Barrett, P.A. By incorporating, Leo J. Barrett individually immunized himself from liability for obligations incurred by the corporation, including liability under the workers' compensation

laws. Having obtained this immunity, however, Barrett cannot avoid being a "third person" amenable to suit under *N.J.S.A.* 34:15–40 for his individual acts of negligence. Barrett, as a landlord, has the same liability for injuries suffered by the employees of one tenant, even his own professional corporation, as for injuries suffered by the employees of any other tenant. As a landlord he is as much a third person in relation to Wendi Lyon as he is to any other tenant and its employees.

Good reason exists for preserving the right of an injured worker to sue a third person to the maximum extent that such actions are consistent with workers' compensation laws. The fixed dollar ceiling on benefits under the workers' compensation laws are the result of a trade-off of certain liability of the employer for reduced awards for the employee. Injured workers are entitled not only to recovery against employers under workers' compensation laws, but also against third parties under tort law. 2A Larson, *Workmen's Compensation Law,* § 72.50 at 14–95 (1976).

We hold that Lyon's complaint against Barrett is not barred by her recovery of workers' compensation benefits from Leo J. Barrett, P.A. We reverse the judgment of the Appellate Division and remand the matter to the Law Division for trial.

*For reversal and remandment*—Justices PASHMAN, CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—6.

*For affirmance*—None.