David K. **GABER**, Plaintiff-Appellant,

v.

**FRANCHISE SERVICES, INC.**, a Kansas corporation, Defendant-Appellee.

No. 83CA0658.

Colorado Court of Appeals,
Div. I.

April 12, 1984.

**1346**

Robert C. Ozer, P.C., John W. Trueax, Evergreen, for plaintiff-appellant.

Lohf & Barnhill, P.C., Dennis A. Graham, Nancy I. Pertcheck, Denver, for defendant-appellee.

PIERCE, Judge.

In this personal injury action, the trial court granted a motion for summary judgment made by defendant, Franchise Services, Inc. (Franchise Services). Plaintiff, David K. Gaber, appeals. We reverse.

Gaber was employed at a restaurant by Pizza Hut of America, Inc. (Pizza Hut). While delivering food and supplies to the restaurant, an employee of Franchise Services upset a stack of food boxes which hit Gaber's back, resulting in injury. Gaber processed a workmen's compensation claim through his employer, Pizza Hut, and later brought this action against Franchise Services alleging that the negligence of the Franchise Services employee caused his injuries.

The agreed facts are that Franchise Services and Pizza Hut are wholly owned subsidiaries of Pizza Hut, Inc. (parent company), and each of these subsidiaries is a separate and independent corporate entity. Franchise Services is engaged only in the business of delivering food and supplies to various restaurants affiliated with parent company. Franchise Services and Pizza Hut are each self-insurers under the workmen's compensation act, but for purposes of negotiation and settlement of workmen's compensation claims filed, each used the same agent. The payrolls of each subsidiary are paid out of a common fund controlled by parent company, and the parent company logo appears on Franchise Services trucks and on the paychecks of each corporation.

The district court granted Franchise Services' motion for summary judgment reasoning that, because common ownership and interrelation of operations exists between the two subsidiaries, Franchise Services was entitled to immunity from tort liability under § 8–42–102, C.R.S. (1983 Cum.Supp.). We disagree and reverse.

■ Although courts in other jurisdictions are in disagreement as to the result to be reached in this type of situation we prefer and adopt the rule and rationale found in *Peterson v. Trailways, Inc.*, 555 F.Supp. 827 (D.Colo.1983). In *Peterson* a parent company attempted to establish statutory immunity from tort liability from the claim of an employee of one of its wholly owned subsidiaries. The court stated:

"In the absence of a 'contract for hire' between the 'employee' and the parent company, the bar of workmen's compensation may obtain only in those instances where the facts compel disregard of the subsidiary's separate existence."

■ Here, we are neither able to discern any implied or express contract for hire between Franchise Services and Gaber, nor facts which would compel disregard of the separate existence of either of the two subsidiaries. Although there are some facts which indicate actions and procedures which are in concert with one another, the work performed here by Gaber and the Franchise Service employee did not constitute a joint venture which would justify the inclusion of Gaber as a statutory employee of Franchise Services. *Edwards v. Price*, 191 Colo. 46, 550 P.2d 856 (1976). Thus, because the two subsidiaries are corporations with legally recognized identities separate and apart from the other which enjoy and benefit from such corporate separateness, they must here also bear the responsibility and liability of such separateness. *Peterson v. Trailways, Inc., supra; Lyon v. Barrett*, 89 N.J. 294, 445 A.2d 1153

(1982); *see Boggs v. Blue Diamond Coal Co.*, 590 F.2d 655 (6th Cir.1979), *cert. den.* 444 U.S. 836, 100 S.Ct. 71, 62 L.Ed.2d 47 (1979).

Therefore, the judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion in the trial court.

SMITH and TURSI, JJ., concur.