LASSER, P.J.T.C.
Taxpayers contest a use tax deficiency assessment imposed by the Director of the Division of Taxation (Director) on the purchase and use of the yacht “Lady Swensen” (the vessel), claiming that the vessel was purchased by Lady Swensen Corporation, a North Carolina corporation, and used solely in interstate commerce. Director determined that the corporation was not a bona fide corporate entity. Pursuant to the Sales *560 and Use Tax Act, N.J.S.A. 54:32B-1 et seq., Director found that the vessel was purchased by the corporation’s two owners for their use in New Jersey and that they were subject to the 6% use tax in effect at the time of the purchase. In the alternative, Director found that the corporation was bona fide, used the vessel in New Jersey and was liable for use tax. In response to these determinations, taxpayers claim that Edward and Roy Swensen,[1] the corporation’s stockholders, were Florida domiciliaries at the time of purchase, were not subject to tax by New Jersey and that the activity of the vessel in New Jersey was related solely to interstate commerce such that the vessel did not acquire a taxable situs in New Jersey and was not subject to taxation by New Jersey.
On April 5, 1990, a notice of assessment was sent to Roy Swensen imposing sales and use tax of $90,000 plus penalty and interest for the purchase of the vessel. The notice was addressed to Roy Swensen at 277 Prospect Street, Hackensack, New Jersey. Roy’s widow, the executrix of his estate, testified at trial that during the 1988 through 1990 period Roy was very ill and that he passed away in 1990.
On June 11, 1991, the Division sent a notice of assessment to Edward Swensen at 94 Railroad Avenue, Hackensack, New Jersey, imposing sales and use tax of $90,000 plus penalty and interest. The notice imposed the assessment alternatively on Lady Swensen Corporation as the owner of the vessel or on Edward Swensen individually as president and majority stockholder of Lady Swensen Corporation.[2] Prior to trial, the parties stipulated that the use tax assessment would be $71,295 (6% of the purchase price) plus penalty and interest if tax liability is found in this matter.
*561 A trial was held on the factual and legal issues. The Tax Court was asked to determine whether the out-of-state corporation was a bona fide corporate entity or was availed of solely for the purpose of avoiding New Jersey tax. If the corporation is found to be bona fide, then the Tax Court is asked to determine who purchased the vessel, the corporation or the individual taxpayers. If the corporation is found to be bona fide and the purchaser of the vessel, the Tax Court is asked to determine whether the vessel is used solely in interstate commerce and is thus exempt from New Jersey use tax. If the corporation is not bona fide or if the Tax Court determines that the individual taxpayers purchased the subject vessel, then the Tax Court is asked to decide whether the individual taxpayers were residents of New Jersey subject to New Jersey use tax.
The following facts were stipulated by the parties or derived from testimony and exhibits presented at trial.
In May 1987, Roy and Edward Swensen entered into a purchase contract with a Florida yacht broker for an 83-foot motor yacht being built in Hong Kong for a purchase price of $1,188,260. Each brother paid 50% of the initial deposit for the vessel, which was subsequently named “Lady Swensen.” The remaining installments of the purchase price were paid in 1988 and 1989. At trial, Edward testified that the brothers had purchased the vessel as agents for a corporation that they were in the process of forming. He stated, and the purchase contract indicates, that at that time the brothers intended to assign the purchase contract to a corporation. The corporation’s address was listed as 30 2nd Street, Hackensack, New Jersey on the purchase contract. Edward testified that the brothers intended the purchase of the vessel by the corporation to be a profit-making venture, that of offering the vessel for charter.
A partnership bank account entitled “The Yacht Lady Swensen” was established at United Jersey Bank in Hackensack, New Jersey on February 24, 1988. Each brother was authorized to sign checks on the account. An employee of Edward Swensen’s New Jersey construction company was also autho *562 rized to sign checks on the account and Edward testified at trial that this employee had exercised this authority. The bank account was changed to a corporate account in November 1990.
Articles of incorporation, by-laws and stock certificates for Lady Swensen Corporation were introduced into evidence at trial. The articles of incorporation, dated June 28, 1988, were filed in North Carolina. Edward and Roy were listed as the corporation’s' initial directors in the articles of incorporation.
The by-laws, presented by taxpayers, outline the management and operation of the corporation in general terms. Taxpayers did not introduce into evidence an enacting resolution with the by-laws. The stock certificates, which were prepared but not signed, provided each brother with 50 shares of Lady Swensen Corporation capital stock.
The Articles of Incorporation state that the brothers’ address was 94 Railroad Avenue, Hackensack, New Jersey, the address of Edward’s construction business. Pretrial admissions reveal that Roy Swensen owned residential property at 277 Prospect Avenue, Hackensack, New Jersey in 1988 and 1989. Edward Swensen testified at trial that he owned and occupied residential property at 68 Frederick Street, Hackensack, New Jersey during 1989. He later moved to 850 Prospect Street, Hackensack, New Jersey, which he and Roy owned as partners.
All parties agree that title and possession of the vessel were transferred to Lady Swensen Corporation in Florida in January 1989. No evidence was presented to support taxpayers’ claim that sales or use tax was paid to another state at, or since, the time of purchase.
Copies of a 1988 North Carolina inactive state tax return listing a North Carolina address and federal and North Carolina corporate tax returns for tax years 1989 and 1990 listing 94 Railroad Avenue, Hackensack, New Jersey as the corporate address for Lady Swensen Corporation were presented as trial exhibits. Although the vessel was not reported as an asset of the corporation on these returns, deductions for related expenses, such as license and registration fees, marina fees and *563 fuel costs, were claimed on the 1989 federal corporate return. These returns list 94 Railroad Avenue, Hackensack and 277 Prospect Street, Hackensack as Edward’s address and 94 Railroad Avenue, Hackensack as Roy’s address.
A copy of a federal form W-3 (transmittal of income and tax statements) the Lady Swensen Corporation filed for tax year 1989 was presented as a pretrial exhibit. The form W-3 states that the corporation paid wages of $28,864 in 1989 and lists 94 Railroad Avenue, Hackensack, New Jersey as the address for the corporation. Taxpayers conceded at trial that mail for the corporation was received at Edward’s office at 94 Railroad Avenue, Hackensack, New Jersey.
The brothers communicated with a yacht broker in 1989 to arrange charters for the vessel. Correspondence from the broker, located in Florida, concerning rental of the vessel was sent to 94 Railroad Avenue, Hackensack, New Jersey on March 9, 1989. Charter insurance entitling the corporation to engage in ten charters a year was first purchased in December 1989 from a New Jersey insurance broker. The insurance policies listed the 94 Railroad Avenue, Hackensack, New Jersey address. An advertising brochure for the vessel with a 1991 copyright date was presented by taxpayers at trial. Four charters were conducted in 1990.
The vessel remained in Florida from January 1989 to July 1989 when, Edward testified, the brothers authorized its relocation from Florida to New Jersey. On July 25,1989, Roy signed a dockage agreement with Lincoln Harbor Yacht Club (LHYC) in Weehawken, New Jersey to dock the vessel at LHYC from July 26, 1989 through September 1, 1989. Edward testified that LHYC owed money to one of Roy’s companies, and thus, it was less expensive to moor the vessel there. The dockage agreement, introduced as an exhibit by Director at trial, states that Roy Swensen was the owner of the vessel.
The captain’s log, presented by all parties, states that the vessel was docked at LHYC for at least 38 days from August *564 16, 1989 through October 4, 1989.[3] The cruises conducted during this period were pleasure cruises for the Swensens’ family, friends and business associates. The vessel was sighted by a Division of Taxation investigator while it was docked at LHYC during the summer of 1989. The boat returned to Florida for the winter of 1989-1990.
On June 20, 1990, the vessel returned to New Jersey. The captain’s log for 1990 shows that the vessel was docked at LHYC for at least 48 days during the summer of that year. The first charter was a one-day cruise on July 14, 1990. The remaining three charters in 1990 were July 28 to August 11, December 13 and 14 and December 24, 1990 to January 2,1991. The July charters were in Massachusetts and the December charters were in Florida.
I.
Taxpayers claim that Director unconstitutionally imposed use tax on each of the three taxpayers in this matter. They contend that Lady Swensen Corporation is a bona fide corporate entity organized under the laws of North Carolina. They assert that this nonresident corporation purchased and used the vessel solely in interstate commerce. Taxpayers argue that N.J.S.A. 54:32B-11(2) exempts nonresidents from imposition of use tax because the property was not used in New Jersey.
As to the two brothers, taxpayers claim that they did not purchase the vessel individually, but were officers of Lady Swensen Corporation, which acquired it. Taxpayers assert that because the true purchaser of the vessel was a bona fide North Carolina corporation, the brothers are not personally responsible for New Jersey use tax. Additionally, the individual taxpayers contend that they were residents and domiciliaries of Florida at the time of purchase and at the time that the boat *565 was brought to New Jersey so that, even if Lady Swensen Corporation is not a bona fide corporation, the brothers are not subject to New Jersey’s taxing authority.
Director contends that Lady Swensen Corporation was not created in conformity with the legal requirements for a bona fide corporation. Director argues that the two brothers formed a sham corporation and individually purchased the vessel. Further, challenging taxpayers’ assertion that the vessel was used solely for interstate commercial charters, Director claims that the vessel was used by these taxpayers in New Jersey for personal purposes such as entertaining business clients and family cruises. Finally, Director contends that the brothers were residents of New Jersey, not Florida. Director therefore claims that since the brothers were New Jersey residents and used the vessel in New Jersey, they are subject to New Jersey use tax.
Director argues, in the alternative, that if the corporation is found to be bona fide, it is not exempt from use tax under N.J.S.A. 54:32B-11(2). Director contends that N.J.S.A. 54:32B-11(2) exempts the use of tangible personal property by a nonresident “carrying on in this state [a] business ... entirely in interstate commerce.” Director claims that, since the activities of Lady Swensen Corporation were managed and controlled from this state and the vessel was used for the personal use of its stockholders in New Jersey, Lady Swensen Corporation is subject to New Jersey use tax.
II.
Application of use tax in the subject case turns on two determinations: (1) who was the true purchaser of the vessel, and (2) whether the vessel was used solely in interstate commerce.
This court must first decide whether Lady Swensen Corporation is a bona fide corporation. The standard for determining whether a corporation is a distinct taxable entity was set forth in Moline Properties, Inc. v. Commissioner, 319 U.S. 436, 63 *566 S.Ct. 1132, 87 L.Ed. 1499 (1943). In that case, the Supreme Court found that if a corporation is created for a purpose which is “the equivalent of business activity or is followed by the carrying on of business by the corporation,” it will be deemed a legal entity separate from its owners and officers. Id. at 438-39, 63 S.Ct. at 1133-34.
 New Jersey recognizes the presumption of corporate entities as distinct from their shareholders except in the case of fraud or illegality. L.B.D. Constr., Inc. v. Taxation Div. Director, 8 N.J. Tax 338, 345-46 (Tax 1986) (citing Lyon v. Barrett, 89 N.J. 294, 300, 445 A.2d 1153 (1982)). In Coppa v. Taxation Div. Director, 8 N.J.Tax 236 (Tax 1986), the Tax Court found that a corporation must engage in a “minimum of purposeful business activity” to substantiate a claim that it exists as a bona fide corporation. Id. at 249. While the parameters of legitimate business activity are relatively flexible, tax avoidance by use of the corporate form does not rise to the level of a bona fide business purpose. Id. at 249-50.
In Coppa, two New Jersey residents formed a Delaware corporation, “Brothers Two,” which purchased a powerboat in New York for the stated purpose of conducting intercoastal charters between Delaware and Florida. No sales or use tax was paid on the purchase. Id. at 239-40. The vendor of the vessel noted on the sale contract that the boat was purchased for “pleasure” use and would be kept in New Jersey. Ibid. The boat was delivered to the taxpayers in New York and they sailed it to New Jersey where, the taxpayers confirmed at trial, it remained and was used for their personal use only. Ibid.
The taxpayers in Coppa never conducted any charters because “other financial business commitments” arose. Ibid. Brothers Two held “informal” annual meetings for which there were no minutes. It never adopted by-laws, issued stock, paid federal or New Jersey state tax and had no books, records, checking account or telephone number. Id. at 240-41. Corporate expenses such as fuel and mooring fees were paid from the personal bank accounts of the taxpayers. Id. at 241.
*567 The Tax Court found that there was no evidence that Brothers Two was a viable corporation because the proposed corporate purpose of intercoastal charters was controverted by the testimony at trial. Id. at 251-52. Further, none of the indicia of a bona fide corporation, including corporate documentation, tax returns or other records of business activity existed for the Brothers Two corporation. The Tax Court thus pierced the corporate veil and imposed New Jersey use tax on the individual taxpayers. Id. at 252-53.
In Coppa, the Tax Court reviewed several Second Circuit cases explaining the Moline Properties business purpose standard. Id. at 250 (citing Jackson v. Comm’r of Internal Rev., 233 F.2d 289 (2d Cir.1956); National Investors Corp. v. Hoey, 144 F.2d 466 (2d Cir.1944)). The Tax Court found that in its decisions the Second Circuit had determined that corporate identity should not be disregarded for purposes of taxation if either: (1) a corporation is created pursuant to a bona fide intention to carry on “real substantial business function[s,]” or (2) the corporation actually engages in business. 8 N.J.Tax at 250 (citing Jackson, 233 F.2d at 290).
Turning to the subject, I find Lady Swensen Corporation to be different from the Brothers Two corporation described in Coppa. I find that Lady Swensen Corporation was created for the purposes of owning and operating the vessel as well as conducting luxury charters. The facts presented at trial demonstrate that Lady Swensen Corporation has operated the vessel since its purchase as well as conducted commercial charters, thereby fulfilling its corporate purposes. Additionally, the subject corporation maintains an office in New Jersey for its books and records and mail collection. It files federal and North Carolina corporate income tax returns and has a bank account in the corporate name. The corporation utilizes the services of yacht brokers and advertises through a promotional brochure. Therefore, although some legal formalities have not been observed in creating and maintaining this corporation, I conclude *568 that Lady Swensen Corporation is a bona fide corporate entity for taxation purposes.
I further find that, as a bona fide corporate entity, Lady Swensen Corporation was the true purchaser of the subject vessel. The individual taxpayers in this case were officers of the corporation and did not individually purchase the vessel.
III.
Under the New Jersey Sales and Use Tax Act (the act), tax is imposed on the receipts from every retail sale of tangible personal property in this State. N.J.S.A. 54:32B-3(a). A “compensating” use tax is imposed on tangible personal property which is purchased out-of-state and subsequently used in New Jersey:
Unless property or services have already been or will be subject to the sales tax under this act, there is hereby imposed on and there shall be paid by every person a use tax for the use within this State of 6%, except as otherwise exempted under this act, (A) of any tangible personal property purchased at retail____
[N.J.S.A. 54:32B-6.]
The term “use” is defined by statute as:
The exercise of any right or power over tangible persona! property by the purchaser thereof and includes, but is not limited to, the receiving, storage or any keeping or retention for any length of time, withdrawal from storage ... of such property.
[N.J.S.A. 54:32B—2(h).]
The act provides an exemption from the imposition of use tax for non-residents. N.J.S.A. 54:32B-11(2) states that compensating use tax shall not apply:
[ijn respect to the use of property purchased by the user while a non-resident of this State____ A person while engaged in any manner in carrying on in this state any employment, trade, business or profession, not entirely in interstate or foreign commerce, shall not be deemed a non-resident with respect to the use in this state of property in such employment, trade, business or profession.
 Under New Jersey law, “tax exemptions are not favored and ... the burden of proving tax exempt status is upon the claimant.” Locustwood Cemetery Ass’n v. Cherry Hill *569 Tp., 133 N.J.Super. 92, 96, 335 A.2d 571 (App.Div.1975); First Nat’l City Bk. v. Taxation Div. Director, 5 N.J.Tax 310 (Tax 1983). Statutes granting tax exemptions are construed strictly against taxpayers claiming the exemption. Id. at 315.
Pursuant to the act, the term “person” is defined to include corporations. N.J.S.A. 54:32B-2(a). Since I have determined that the true purchaser of the subject vessel is Lady Swensen Corporation, that taxpayer must prove that it falls within the statutory exemption for nonresidents provided by N.J.S.A. 54:32B-11(2). Specifically, Lady Swensen Corporation must demonstrate that it was a nonresident and engaged in business “entirely in interstate commerce” to enjoy the tax-exempt status it currently seeks.
Based on the evidence presented by this taxpayer at trial, I conclude that Lady Swensen Corporation has not met this burden. Extended stays in New Jersey during the summer of 1989 and 1990 for the personal use of the corporate stockholders indicate that the vessel was not used “entirely in interstate commerce” while in New Jersey.
The corporation, although incorporated in North Carolina, had virtually no activities in that state. The management of Lady Swensen Corporation and control of the vessel was directed entirely from New Jersey due to the fact that the activities of the corporation were conducted from the office of Edward Swensen’s construction company in Hackensack, New Jersey. Lady Swensen Corporation’s books and records were held at 94 Railroad Avenue, Hackensack, New Jersey. The corporation’s tax returns reflect this address as did its articles of incorporation and form W-3. Lady Swensen Corporation’s bank account, used to pay for the vessel and its operating expenses from 1988 forward, was maintained at United Jersey Bank in Hackensack, New Jersey. Correspondence concerning rental of the vessel was addressed to the corporate officers at 94 Railroad Avenue, Hackensack, New Jersey.
Further, the vessel, the sole asset of the corporation, was docked in Weehawken, New Jersey for a minimum of 38 days in *570 1989 and 48 days in 1990. At the direction and control of the corporation’s stockholders, Edward and Roy Swensen, the vessel was operated for the use of the brothers personally and for their guests and business associates. Roy and Edward Swensen may have been residents of New Jersey at the time of purchase of the vessel.
The foregoing facts lead me to conclude that in 1989 the use of the vessel was not exclusively in interstate commerce, the vessel acquired a taxable situs in New Jersey and it became subject to New Jersey use tax within the meaning of N.J.S.A. 54:32B-6 and -2(h).[4] Therefore, I find that Lady Swensen Corporation is responsible for the payment of use tax to the State of New Jersey.
Judgment will be entered vacating the use tax deficiency assessment against the individual plaintiffs and sustaining the assessment against the corporation.

 Two of the three taxpayers in the subject matter are an individual and the executrix of the estate of his deceased brother. I refer to these taxpayers by name or as brothers in contrast to the third taxpayer, a corporation.

 The complaint, which initially contested the deficiency assessment against the executrix of the Estate of Roy Swensen, was amended to include Edward Swensen and the corporation after the June 11, 1991 notice of assessment.

 The first entry in the captain’s log in evidence is for August 16, 1989. There is no evidence of the vessel's activity from the date of its arrival in New Jersey on July 24, 1989 to August 15, 1989.

I note that there is no evidence that a sales or use tax was paid on the purchase or use of this boat to any other state. Thus, possible Commerce Clause concerns regarding the avoidance of multiple taxation burdening interstate commerce are not implicated by my decision. See generally Goldberg v. Sweet, 488 U.S. 252, 109 S.Ct. 582, 102 L.Ed.2d 607 (1989).