T.C. Summary Opinion 2012-47

UNITED STATES TAX COURT

FELIX ROSPOND AND LORETTA ROSPOND, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13805-10S.                           Filed May 21, 2012.

Felix Rospond and Loretta Rospond, pro sese.

<u>Donald M. Brachfeld</u>, for respondent.

SUMMARY OPINION

WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue (Code), and Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $7,500 in petitioners' 2008 Federal income tax. The issue we must decide is whether petitioners are entitled to the first-time homebuyer credit for 2008 pursuant to section 36.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of facts are incorporated in this opinion by reference and are found accordingly. Petitioners are husband and wife who resided in New Jersey at the time they filed their petition.

During 1973, petitioners established a trust for their four children. When their youngest child reached age 25 during 1995, the trust was terminated. The assets of the trust, primarily real estate, were subsequently transferred to Jacco Associates, LLC (Jacco), a limited liability company organized under the laws of New Jersey. Jacco is owned by petitioners and their four children, but the members never formalized their ownership interests in a written document. Since 1995, petitioners have paid all of Jacco's tax liabilities and reported the full amounts of those liabilities on their personal income tax returns. Jacco itself has never

separately filed a tax return. During 2004, Jacco sold the real estate it owned and deposited the proceeds into its bank account (Jacco account).

Before 2008 petitioners did not own their principal residence and instead lived in a rented dwelling. During 2008, they decided to purchase property in a retirement village in Manchester, New Jersey (Manchester property). However, instead of purchasing the Manchester property themselves, they effected Jacco's purchase of the property. On August 27, 2008, the deposit on the Manchester property was paid by a check for $5,000 drawn on the Jacco account. On October 7, 2008, the deed for sale of the Manchester property was completed in the name of Jacco as the grantee. On October 8, 2008, a check for the balance due on the purchase of the Manchester property was drawn on the Jacco account. Both checks were signed by petitioner Loretta Rospond, who is the signatory on the Jacco account. The payment for the purchase of the Manchester property with Jacco's funds was not recorded as a loan or mortgage in petitioners' favor. Petitioners live on the Manchester property, and they do not pay rent to Jacco, but they do pay all of the Manchester property's expenses, taxes, and maintenance fees.

On a Form 5405, First-Time Homebuyer Credit, attached to their 2008 Form 1040, U.S. Individual Income Tax Return, petitioners claimed the first-time

homebuyer credit. Petitioners later changed the name on the Form 5405 from their names individually to "Jacco Associates". On March 18, 2010, respondent issued to petitioners a notice of deficiency in which he determined that they were not eligible for the first-time homebuyer credit. On the Form 886-A, Explanation of Items, attached to the notice of deficiency, respondent explained the reason for his determination: "According to information provided to the Internal Revenue Service Jacco Associates LLC was issued a property deed and pays the property taxes; you do not own the property in question; therefore you do not qualify for the first time home buyers credit." Petitioners timely filed their petition in this Court.

## Discussion

As a preliminary matter, we consider petitioners' contention that the burden of proof has shifted to respondent pursuant to section 7491(a). Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a)(1) provides an exception that shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if: (1) the taxpayer introduces credible evidence with respect to that issue; and (2) the taxpayer satisfies certain other conditions,

including substantiation of any item and cooperation with the Government's requests for witnesses, documents, other information, and meetings. Sec. 7491(a)(2); see also Rule 142(a)(2). The taxpayer bears the burden of proving that the taxpayer has met the requirements of section 7491(a). Rolfs v. Commissioner, 135 T.C. 471, 483 (2010), aff'd, 668 F.3d 888 (7th Cir. 2012). Because we decide the factual issues in the instant case on the preponderance of the evidence, the allocation of the burden of proof is immaterial.[2] See Knudsen v. Commissioner, 131 T.C. 185, 189 (2008).

Section 36(a) allows "an individual who is a first-time homebuyer of a principal residence in the United States" (emphasis added) to claim a tax credit during the year the residence is purchased. Section 36(c)(1) defines a "first-time homebuyer" as "any individual if such individual (and if married, such individual's spouse) had no present ownership interest in a principal residence during the 3-year period ending on the date of the purchase of the principal residence to which this section applies." Petitioners contend that Jacco is entitled to claim the first-time homebuyer credit because section 36 and the instructions for

---

[2]Additionally, we note that, although the parties disagree about some tangential facts, they appear to be in agreement about all the relevant facts, and the only issues we decide are legal ones.

Form 5405[3] do not specifically exclude LLCs from claiming the credit.[4]  Respondent

disagrees and contends that the first-time homebuyer credit is available only to

individuals, i.e., natural persons, and not to LLCs.

Because the Code does not define the term "individual", we follow the

established rule of construction that if a statute does not define a term, the term is

given its ordinary meaning.  FDIC v. Meyer, 510 U.S. 471, 476 (1994); Gates v.

Commissioner, 135 T.C. 1, 6 (2010).  As the Court of Appeals for the District of

Columbia Circuit has noted, the ordinary meaning of "individual" "typically

encompasses only natural persons and not corporations or other organizations".

Mohamad v. Rajoub, 634 F.3d 604, 607 (D.C. Cir. 2011), aff'd sub nom. Mohamad

---

[3]In their contentions at trial and on brief petitioners appear to rely almost exclusively on the instructions rather than on the statute itself.  Although the instructions do not support petitioners' contentions, even if they did, Internal Revenue Service tax form instructions cannot be relied upon as authoritative sources of law.  See Weiss v. Commissioner, 129 T.C. 175, 177 (2007); Casa De La Jolla Park, Inc. v. Commissioner, 94 T.C. 384, 396 (1990).

[4]Petitioners further contend that Publication 544, Sales and Other Dispositions of Assets, defines "ownership" for purposes of determining whether an individual is eligible to claim the first-time homebuyer credit.  Petitioners misread the instructions for Form 5405.  The reference therein to Publication 544 is only for the purpose of defining a "related person" to determine whether the residence was acquired from a related person.  If the residence in question was acquired from a related person, the purchaser is ineligible for the first-time homebuyer credit.  Sec. 36(c).  Neither party contends that Jacco acquired the Manchester property from a related person or that petitioners subsequently acquired the Manchester property from Jacco.

v. Palestinian Auth., 132 S. Ct. 1702 (2012); see also In re Jove Eng'g, Inc. v. IRS, 92 F.3d 1539, 1551 (11th Cir. 1996) ("the term 'individual' does not ordinarily include a corporation"); In re North (Gadd Fee Application), 12 F.3d 252, 254 (D.C. Cir. 1994) ("In common usage, 'individual' describes a natural person").  But see United States v. Middleton, 231 F.3d 1207, 1210 (9th Cir. 2000) (noting that the word "individual" "does not necessarily exclude corporations").  The Court of Appeals for the District of Columbia Circuit in Mohamad noted that the "Dictionary Act", which provides guidance "in determining the meaning of any Act of Congress", strongly implies that the term "individual" does not include organizations because it defines "person" to include "'corporations, companies, associations, firms, partnerships, societies, ... as well as individuals.'"  Mohamad, 634 F.3d at 607 (quoting 1 U.S.C. sec. 1).  Similarly, section 7701(a)(1) provides: "The term 'person' shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation."  Indeed, throughout the Code, the term "individual" is generally used in contrast with corporations, partnerships, or other entities.  For instance, part I of subchapter A of the Code concerns the taxation of individuals, as opposed to part II, which concerns the taxation of corporations.

Additionally, the context of the word "individual" within section 36 strongly implies that it refers only to a natural person. For instance, section 36 refers to married individuals. Because only natural persons can be married, the term "individual" in that context must refer only to natural persons.[5] "'[T]he normal rule of statutory construction [is] that identical words used in different parts of the same act are intended to have the same meaning.'" Commissioner v. Lundy, 516 U.S. 235, 250 (1996) (quoting Sullivan v. Stroop, 496 U.S. 478, 484 (1990)). Accordingly, we conclude that the term "individual" refers only to natural persons throughout section 36.

On the basis of the foregoing, we conclude that Congress intended that the first-time homebuyer credit be available only to natural persons and not to corporations, partnerships, or LLCs.[6] Consequently, we reject petitioners' argument that Jacco is entitled to the first-time homebuyer credit.

---

[5]Similarly, sec. 36(f)(4)(E) discusses an individual's status as a member of the Armed Forces; only natural persons can serve in the Armed Forces.

[6]In Trugman v. Commissioner, 138 T.C. __ (2012), also filed today, this Court holds that taxpayers are not entitled to claim the first-time homebuyer credit through an S corporation because the first-time homebuyer credit may be claimed only by natural persons and an S corporation is not an "individual" for purposes of sec. 36.

Petitioners contend that Jacco was actually their alter ego and, therefore, should be disregarded for purposes of deciding whether petitioners are entitled to claim the first-time homebuyer credit personally. By contending that Jacco was their alter ego, petitioners seek to have the Court pierce the corporate veil. Respondent contends that, pursuant to New Jersey law, an individual member has no interest in specific LLC property. See N.J. Stat. Ann. sec. 42:2B-43 (West 2004). Respondent further contends that New Jersey caselaw does not support petitioners' veil-piercing theory.

In the absence of fraud or injustice, New Jersey courts generally will not pierce the corporate veil. Lyon v. Barrett, 445 A.2d 1153, 1156 (N.J. 1982); Frank v. Frank's, Inc., 87 A.2d 724, 726 (N.J. 1952). As the New Jersey Supreme Court has explained, the "purpose of the doctrine of piercing the corporate veil is to prevent an independent corporation from being used to defeat the ends of justice, to perpetrate fraud, to accomplish a crime, or otherwise to evade the law". State Dep't of Envtl. Prot. v. Ventron Corp., 468 A.2d 150, 164 (N.J. 1983) (citations omitted). Even where the corporation[7] has no separate existence and the corporate form has

---

[7]New Jersey courts have also applied New Jersey's veil-piercing doctrine to limited liability companies. See, e.g., Richardson v. UN Empress Props., LLC, 2010 WL 1426495 (N.J. Super. Ct. App. Div. Apr. 7, 2010); D.R. Horton Inc.--N.J. v. Dynastar Dev., L.L.C., 2005 WL 1939778 (N.J. Super. Ct. Law Div. Aug. 10, 2005).

not been respected, New Jersey courts will pierce the veil only where the corporation has been used to perpetuate a fraud or other injustice. Shotmeyer v. N.J. Realty Title Ins. Co., 948 A.2d 600, 608 (N.J. 2008); Ventron, 468 A.2d at 164. New Jersey courts have declined to disregard the corporate form when the corporation's owners sought to do so for the purpose of obtaining a personal benefit from another form. See Shotmeyer, 948 A.2d at 608; Lyon, 445 A.2d at 1156 (and cases cited thereat); cf. Commissioner v. Danielson, 378 F.2d 771, 778-779 (3d Cir. 1967) (holding that a taxpayer may not disregard the form of a transaction because of its unfavorable tax consequences unless the taxpayer shows that the agreement was a result of fraud, duress, or undue influence), vacating and remanding 44 T.C. 549 (1965)). Neither party contends that Jacco's corporate form has been used to perpetuate some fraud or injustice, and the record does not disclose any fraud or injustice that would cause us to disregard the existence of Jacco. Accordingly, petitioners are not entitled to claim the first-time homebuyer credit on the basis of their alter ego theory.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.